**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FRIENDLIAI INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-816-MN |
| | ) | |
| HUGGING FACE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff FriendliAI Inc. and Defendant Hugging Face, Inc., anticipate the need to disclose certain confidential information during the course of this litigation.  As a result, the parties desire limiting disclosure and preventing use of such information for any purposes other than the prosecution and defense of this action.  In addition, the parties contemplate that non-parties may produce confidential information.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order").

1.      **DEFINITIONS**

        1.1     Affiliate:  The term "Affiliate" shall mean an entity that is directly or indirectly a parent of, subsidiary of, or commonly owned by, a party.

        1.2     Confidential Information:  The term "Confidential Information" shall mean any Discovery Material designated by a Producing Party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY-CONFIDENTIAL – SOURCE CODE" that the Producing Party claims in good faith constitutes, contains, reveals, or reflects: (i) non-public technical, marketing, financial, sales, research and development information; (ii) commercially sensitive competitive information, including, without limitation, information

obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; or (v) sensitive personal information that is protected under federal, state, or foreign data protection laws or regulations, or other privacy obligations.

1.3     Discovery Material:  The term "Discovery Material" shall mean any Document  (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during this action, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

1.4     Document:  The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of electronically stored information, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

1.5     Producing Party:  The term "Producing Party" shall mean any party to this action or any third party, including their respective counsel, retained experts, directors, officers, employees, or agents, who produce any Discovery Material.

1.6     Protected Information:  The term "Protected Information" refers collectively to materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.7     Receiving Party:  The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material in this action.

1.8     Scope:  The scope of this Order shall be understood to encompass not only Protected Information which is expressly designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.

1.9     Source Code:  A producing party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" Discovery Material representing computer code that defines or otherwise describes the algorithms or structure of software or hardware designs (hereinafter referred to as "Source Code"). Source Code includes source code, object code, microcode, register transfer language, firmware, and hardware description language, as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.  For avoidance of doubt, this includes, but is not limited to, source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and files containing source code written in C, C++, Java, assembler, VHDL, Verilog, SQL, and any other human readable text programming languages.  For the avoidance of doubt, Source Code does not include binary executable files, nor

does it include tools such as compilers.  Documents describing how source code operates will not be stamped as HIGHLY CONFIDENTIAL – SOURCE CODE solely for the purpose of limiting access under Section 2.5.  To the extent documents (for example, PowerPoints or Word documents) contain lines of source code, the Producing Party may elect to redact the lines of Source Code in the document—labeled "Redacted Source Code"—and will otherwise produce the document in the normal course of discovery. In the event the Producing Party elects to redact Source Code from documents, the non-redacted versions of those documents will be placed on the Source Code Computer for review by the Receiving Party. For further avoidance of doubt, open source or otherwise publicly available source code shall not be designated, and does not qualify, as "HIGHLY CONFIDENTIAL – SOURCE CODE."

## 2.    COMPUTATION OF TIME

The computation of any time period prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 3.    PATENT PROSECUTION BAR

Absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives and actually reviews one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not, directly or indirectly, participate or assist in (including advising on or consulting with individuals on) preparing, prosecuting, drafting, editing, and/or amending patent applications, specifications, claims, and/or responses to office actions, or any actions otherwise affecting the scope of claims in any patent or patent application in the same family as any patent asserted in this action, or pertaining to the field of invention of any patent asserted in this action.  For clarity, this does not apply to information designated as "CONFIDENTIAL."  This provision does not bar or otherwise limit any individual from participating fully in any post-grant proceedings (including,

but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, post-grant review, or covered business method review) with respect to any patents owned by a party or its acquirer, successor, predecessor or other affiliate, provided that such participation or assistance shall not, directly or indirectly, include suggesting, proposing for substitution, drafting, or amending patent claim language.  These prohibitions shall begin when access to Protected Information is first received and reviewed by the affected individual, and shall end one year after the final resolution of this action, including all appeals.

**4.    INFORMATION SUBJECT TO THIS ORDER**

4.1    Documents and other things containing Confidential Information will be treated as follows: Any Confidential Information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

4.2.1    Any document or tangible thing containing or including any Confidential Information may be designated as such by the Producing Party by marking it "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Any document produced before issuance of this Order with the designation "Confidential," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only" or the like shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this order and any such documents produced with the designation "Confidential Source Code" or "Highly Confidential – Source Code" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order, unless and until such document is redesignated to have a different classification under this Order.

4.2.2    All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in Section 2.1.2, shall be

designated by the Producing Party by informing the Receiving Party of the designation in writing.

    4.2.3 Any document (or physical object) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Confidential Information (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as Confidential Information (or otherwise as appropriate) prior to furnishing copies to the Receiving Party.

  4.2 The following information is not Confidential Information:

    4.2.1 Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

    4.2.2 Any information that the Receiving Party can show was already publicly known prior to the disclosure; and,

    4.2.3 Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

    4.2.4 Information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure;

    4.2.5 Information discovered independently by the Receiving Party, not in violation of this Order; or

    4.2.6 Information that was, is, or becomes expressly released from being Protected Information by the Producing Party or by order of the Court.

4.3     Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and information contained therein shall be available only to:

4.2.1   Outside litigation counsel of record for this action and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks.

4.2.2   Experts and their necessary support personnel, subject to the provisions of Section 3 herein, and who have signed the form attached hereto as Attachment A; the term "expert" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) retained for this action with whom counsel may deem it necessary to consult.

4.2.3   The Court, its personnel, jurors, and stenographic reporters (under seal or with other suitable precautions determined by the Court); and,

4.2.4   Independent litigation support services reasonably necessary to assist counsel with the litigation of this action, including legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; independent litigation and eDiscovery support personnel retained in connection with this action; and jury or trial consulting services.

4.4     Discovery Material designated "CONFIDENTIAL" and information contained therein shall be available only to:

4.2.1   Those categories of individuals listed in 2.3.1 to 2.3.4;

4.2.2    Employees, officers, or directors of each party, for the sole purpose of assisting in this Action, to whom disclosure is reasonably necessary to assist in the preparation and trial, or the mediation or settlement, of this Action.

4.5    Source Code. Treatment of Source Code.  For avoidance of doubt, the following procedures shall not apply to any source code that is open source or otherwise publicly available. To the extent that any party wishes to obtain access to Protected Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," the following procedures shall apply:

4.2.1    The Producing Party shall make Protected Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating systems ("Source Code Computer"). The Source Code Computer shall have disk encryption and be password protected. The Source Code Computer shall be locked down so that peripheral devices cannot be connected to the Source Code Computer by the Receiving Party. The Source Code Computer will be configured by the Producing Party to run software utilities which will allow counsel and experts to view, search, or analyze the Source Code; provided that such utilities are reasonable, reasonably available to the Producing Party, and non-destructive to the source code. The Receiving Party may request that other mutually agreeable commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the licensed software tools at least three (3) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code

Computer. Such tools can be provided by any reasonable method including a link, an installation file, a drive, CD or DVD.

4.2.2    The Producing Party shall make the Source Code available electronically and in text searchable form in a secure room at a U.S. office of its outside counsel for the Producing Party or a mutually agreed alternative location.

4.2.3    The Source Code Computer shall be made available to a Receiving Party for the inspection of Source Code from 9 am to 5 pm (in the time zone where the Source Code Computer is made available), Monday through Friday (excluding holidays), and other mutually agreed upon days and/or times, upon reasonable request until the close of fact and expert discovery in this action.

4.2.4    For the first day that counsel for the Receiving Party requests a review of the Source Code Computer, it must give at least five (5) business days' notice to the counsel for the Producing Party that it will be sending individual(s) authorized to review the Source Code made available on the Source Code Computer. The Receiving Party shall provide three (3) days' notice prior to any additional inspections. Each notice shall include the name and title for every individual who will attend the review. Access shall be limited to outside counsel and up to three (3) independent consultants or experts retained for the purpose of this litigation.

4.2.5    Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state or by the United States federal government. Access to the secure facility or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification. The Producing Party shall maintain a Source Code access log identifying,

for each and every time any Source Code is viewed, accessed, or analyzed: (1) the name of each person who accessed the Source Code; (2) the date and time of access; (3) the length of time of access: and (4) whether any hard copies of any portion of Source Code were printed.

      4.2.6   Use or possession of any outside electronic input/output device (e.g., USB memory stick, mobile phone, tablet, personal digital assistants, Blackberries, Dictaphones, voice recorders, external or portable telephone jack, camera or any camera enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system) is prohibited while accessing the Source Code Computer—except that the Receiving Party's counsel and experts may bring a laptop, tablet, and/or smartphone into the Source Code review room provided that any camera has been physically covered (e.g. with black electrical tape) or disabled. Receiving Party counsel will make such laptop, tablet and/or smartphone available for inspection (to confirm that the camera has been covered and/or disabled) prior to and during any source code review. Additionally, all persons entering the secure facility must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the Source Code Computer. The Producing Party may periodically "check in" on the activities of the Receiving Party during any Source Code review and may visually monitor the activities of the Receiving Party from outside the room in which the Source Code Computer is located, but only to ensure that (1) no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way and/or (2) no electronic device has access to a camera during the Source Code review. The Producing Party must remain at such a distance as to avoid viewing notes or other work product generated by the Receiving Party and at such a distance to allow the Receiving Party to carry on quiet conversation without being overheard by

the Producing Party. This distance requirement does not prevent or prohibit the Producing Party from checking and/or confirming that no electronic device has access to a camera during the Source Code review.

    4.2.7 Except as otherwise provided in this Protective Order, no physical copies of all or any portion of the Source Code Material may leave the room containing the Source Code Computer.  The Producing Party shall make available a printer that may not be linked to any network, including a LAN, an intranet or the Internet for on-site printing during inspection of the Source Code Material.  After reviewing Source Code Material, the Receiving Party may print paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, infringement contentions, invalidity contentions, or other papers, or for deposition or trial but only to the extent necessary to understand a relevant feature of an accused product, as identified in Plaintiff's infringement contentions.  Additionally, the receiving party may not print any continuous block of Source Code that results in more than 40 consecutive pages without permission of the Producing Party, which permission shall not be unreasonably denied.  Further, the Receiving Party shall not be entitled to print outs of more than 750 pages absent good cause.  The Receiving Party may show good cause by, for example, demonstrating that the accused products as identified in its infringement contentions implicate accused functionality in a manner that requires additional pages.  The Receiving Party shall not print Source Code in order to view blocks of Source Code elsewhere in the first instance (i.e., as an alternative to reviewing the subject Source Code electronically on the Source Code Computer.  Upon printing any such portions of Source Code Material, the printed pages shall be collected by the Producing Party.  Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii)

inform the Requesting Party that it objects that the printed portions are excessive. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution establishing why it should not comply with the request. The burden shall be on the Receiving Party to demonstrate that such printed portions are not more than is reasonably necessary for a permitted purpose. The printed pages of source code in question need not be produced to the Requesting Party until the objection is resolved by the Court. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in the Actions. The Receiving Party shall be permitted to make up to five (5) printed copies of Source Code Material, in addition to copies necessary for court filings, deposition exhibits, and trial exhibits, received from the Producing Party, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

4.2.8 The Producing Party will affix the proper Bates labeling and confidentiality designation to any printed copies to be produced to the Receiving Party and mark such printed copies file names and line numbers that correspond to the file names and line numbers visible during inspection of the Source Code Computer.

4.2.9 The Receiving Party's outside counsel of record, experts or consultants must maintain and store any paper copies of the Source Code or any notes, analyses, or descriptions of Source Code ("Source Code Material") under their direct control in a secured locked area at their offices in a manner that prevents unauthorized access to the Source Code Material. The Receiving Party may also temporarily keep Source Code Material at (i) the Court during proceedings related to the Source Code, (ii) the sites where any depositions relating to the Source Code are taken, on the dates of the depositions, and (iii) if in a secured locked container, any secure intermediate location reasonably necessary to transport the printouts (e.g.,

a hotel prior to a Court proceeding or deposition).  Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to a deposition or to the Court shall be destroyed in a timely manner.  The Source Code Material may only be delivered by the Receiving Party at the direction of a person authorized under Section 2.3 above to another person authorized under Section 2.3, on paper via hand carry or electronically if the electronic copies are encrypted. Source Code Material may not otherwise be transported or transmitted over a network of any kind, including a LAN, intranet, or the Internet. Source Code Material may only be transported for the purposes outlined in this section and subject to the restrictions set forth herein.

        4.2.10  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, infringement contentions, invalidity contentions, or other Court document or document that is served on or provided to opposing counsel (collectively, "Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  Except as otherwise provided in this Protective Order, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and orders, must be filed or served electronically.  Where the Producing Party has provided written consent for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code, including the names of the reviewers and/or recipients of any such

electronic copy and the locations and manner in which the electronic copies are stored.  In addition, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

4.2.11  Except as provided above in Sections 2.5.7 to 2.5.8, the Receiving Party's outside counsel of record, experts or consultants must not copy, photograph, or otherwise reproduce any Source Code while inspecting the Source Code on the Source Code Computer. Nothing in this section prevents the Receiving Party's outside counsel of record, experts or consultants from taking notes but they may not copy any portion of the Source Code into the notes.

4.2.12  Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case for any other purpose, including in any other pending or future dispute, proceeding, or litigation.

## 5.    DISCLOSURE OF EXPERT WITNESSES AND CONSULTING EXPERTS

5.1    Subject to the provisions of this Order, information designated by the Producing Party under any category of Protected Information may be furnished and disclosed to a Receiving Party's expert (either a testifying expert or consulting expert) and their necessary support personnel pursuant to the approval process described below.

5.2    The party desiring to disclose a Producing Party's Protected Information to an expert must provide the following information to the Producing Party:

5.2.1    An executed version of Attachment A for that expert;

5.2.2    A disclosure setting forth the name, address, curriculum vitae, and current employer of that expert.

5.2.3    A disclosure of each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services for the preceding five (5) years.

5.2.4    A disclosure of any litigation in connection with which the expert has offered expert testimony for the preceding five (5) years.

5.3    The Producing Party shall have seven (7) days after receiving the information identified in the preceding section to object in writing to the disclosure.  No Protected Information shall be disclosed to such expert(s) until after the expiration of the foregoing notice period and resolution of any objection.

5.4    A party objecting to disclosure of Protected Information to an expert shall state with particularity the ground(s) of the objection.  The objecting party's consent to the disclosure of Protected Information to an expert shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the expert will result in specific business or economic harm to that party.

5.5    If the Producing Party objects, the parties shall meet and confer to attempt to resolve the objection within seven (7) days of the objection. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and confer need not take place in person), the Producing Party shall contact the Court's Case Manager to schedule a conference or hearing to seek relief by way of a protective order from the Court. The Producing Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the expert. If the Producing Party fails to seek relief from the Court within fourteen (14) days of the meet and confer, such failure shall operate as an approval of disclosure of Protected Information to the expert. The parties agree to cooperate in good faith to

shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

## 6.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

6.1     The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

6.2     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Producing Party.

6.3     Until a determination by the Court, the information at issue shall be treated as having been properly designated and subject to the terms of this Order.

## 7.    LIMITATIONS ON THE USE OF PROTECTED INFORMATION

7.1     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any other purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information

shall be securely maintained so as to preclude access by persons who are not entitled to receive such information.

7.2     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge subject to the restrictions and provisions herein.  Additionally:

7.2.1    A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

7.2.2    A former director, officer, agent and/or employee of a Producing Party may be examined and may testify concerning all Protected Information of which he or she has personal knowledge if he or she has executed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A or if Section 5.2.3 applies; and

7.2.3    Non-parties may be examined or testify concerning any document containing Protected Information of a Producing Party which appears on its face to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, was attached to such a document, or is a document that the non-party testifies to having prior knowledge of.

7.3     Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto,

that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.

7.4     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

7.5     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

7.6     Protected Information shall not be distributed, disseminated or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information, excluding Source Code, into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

7.7      At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE by the reporter. This request may be made orally during the deposition or in writing within fourteen (14) days of receipt of the final certified transcript. Deposition transcripts shall be treated by default as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

**8.      NON-PARTY USE OF THIS PROTECTIVE ORDER**

8.1      A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information pursuant to the terms of this Order.

8.2      A non-party's use of this Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party in this case.

**9.      INADVERTENT PRODUCTION**

9.1      A designation of Confidential Information may be made at any time. Inadvertent or unintentional production of information that should have been designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment. A party that inadvertently or unintentionally produced Confidential Information without designating it may request destruction of that Confidential Information by promptly notifying the recipients in writing and providing a replacement that is properly designated. The recipients shall then destroy all copies of the inadvertently or unintentionally produced Confidential Information.

9.2     Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.

9.3     If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may request destruction of those materials or obtain the return of those materials by notifying the recipient(s). The recipient(s) shall promptly gather and return or destroy all copies of the privileged material to the Producing Party, except that the recipient may retain one copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy of the document or thing may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this action. No information in an inadvertently produced document may be used or relied upon for any other purpose in this litigation until the Court so orders. After the destruction or return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

9.4     Pursuant to Federal Rule of Evidence 502(d), any privilege or protection shall not be waived by inadvertent disclosure connected with this action. The inadvertent production by a party of any document or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such document or information prior to production, will not waive the

applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

## 10.   UNAUTHORIZED DISCLOSURE

10.1   Should any Protected Information be disclosed by the Receiving Party to any person not authorized to receive such Protected Information under this Order, then that Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   MISCELLANEOUS PROVISIONS

11.1   Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

11.2   Final Judgment or Settlement

11.2.1 Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall either return or destroy all Protected Information it has received, and shall destroy in whatever form stored or reproduced, all copies, compilations, and any other format reproducing Protected Information. Notwithstanding this provision, outside litigation counsel of record are not required to delete archival copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which

refers or is related to any Confidential Information for archival purposes only. If a party opts to destroy Confidential Information, the party must provide a Certificate of Destruction to the Producing Party.

        11.2.2  All archival copies that contain Protected Information shall remain subject to this Order.

        11.2.3  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.

    11.3    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY-CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    11.4    Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

11.5     No party shall be required to identify on their respective privilege log any document or communication with that party's outside counsel dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

11.6     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

11.7     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

11.8     Nothing in this Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such

communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Order.

11.9    This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the parties from introducing Protected Information into evidence at trial, subject to any pretrial order issued by this Court.

11.10   Each of the parties agrees to be bound by the terms hereof upon entry of this Order by the Court.

JOINTLY SUBMITTED BY:

POTTER ANDERSON & CORROON LLP

By:  */s/ Andrew L. Brown*_____
    David E. Moore (#3983)
    Bindu A. Palapura (#5730)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Plaintiff FriendliAI Inc.*

Dated: December 1, 2023
11188511 / 23295.00001

POLSINELLI PC

By:  */s/ Stephen J. Kraftschik*_____
    Stephen J. Kraftschik
    222 Delaware Avenue, Suite 1101
    Wilmington, DE 19801
    Tel: (302) 252-0921
    skraftschik@polsinelli.com

*Attorneys for Defendant-Counterclaimant Hugging Face, Inc.*

## ORDER

SO ORDERED, this _____ day of _____, 2023.

_____
United States District Judge

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

My name is:

_____

I reside at _____

My present employer is _____

My present occupation or job description is _____

I have read the Stipulated Protective Order dated _____, and am being disclosed as _____ on behalf of _____ in the preparation and conduct of litigation styled *FriendliAI Inc. v. Hugging Face, Inc.*, C.A. No. 1:23-cv-00816-MN.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Order and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify and ensure compliance of any

support personnel who I employ and are required to assist me in this action of the terms of said Order.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action and appoint _____ as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Executed on _____