# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIENDLIAI INC., | ) |
|       Plaintiff, | ) ) ) C.A. No. 23-816-MN |
| v. | ) ) **JURY TRIAL DEMANDED** |
| HUGGING FACE, INC., | ) ) |
|       Defendant. | ) |

## PLAINTIFF'S ANSWER TO DEFENDANT HUGGING FACE, INC.'S COUNTERCLAIM

Plaintiff FriendliAI Inc. ("FriendliAI" or "Plaintiff"), by its undersigned counsel, files its response to Defendant Hugging Face, Inc. ("Hugging Faces" or "Defendant") Counterclaim to Plaintiff's Amended Complaint ("Counterclaim") found in Defendant's Answer, Affirmative Defenses, and Counterclaim (D.I. 31), and states as follows:

## ANSWER TO COUNTERCLAIM

The allegations in the introductory paragraph to Hugging Face's Counterclaim contain conclusions of law for which no response is required. To the extent a response is deemed required, Plaintiff admits that Hugging Face is asserting a Counterclaim against FriendliAI. FriendliAI denies that any factual or legal basis exists for Hugging Face's Counterclaim, or that Hugging Face is entitled to any relief whatsoever from FriendliAI or this Court.

Plaintiff further responds below to the numbered allegations of Hugging Face's Counterclaim as follows. This Answer follows the numbering provided in Hugging Face's Counterclaim. In responding to the Counterclaim, FriendliAI has included Hugging Face's headings for ease of reference, but in doing so, FriendliAI is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. To the extent that

the various headings in Hugging Face's Answer, Affirmative Defenses, and Counterclaim are intended to constitute allegations, FriendliAI denies them. All allegations are denied unless expressly admitted.

## NATURE OF THE ACTION

1. This counterclaim action is for declaratory judgment of invalidity and/or noninfringement of one or more claims of U.S. Patent Nos. 11,442,775 (the '775 patent) and 11,836,520 (the '520 patent).

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits that Hugging Face purports to allege a counterclaim for declaratory judgment of invalidity and/or noninfringement of the '775 patent and the '520 patent.

2. On information and belief, FriendliAI is the assignee of the '775 patent and the '520 patent.

**ANSWER:** FriendliAI admits the allegation in paragraph 2 of the Counterclaim.

## THE PARTIES

3. Hugging Face, Inc. is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 20 Jay St., Ste. 620, Brooklyn, New York, 11201.

**ANSWER:** FriendliAI admits the allegation in paragraph 3 of the Counterclaim.

4. On information and belief, FriendliAI is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 5F, AMC Tower, 222 Bongeunsa-ro, Gangnam-gu, Seoul, 06135, Korea.

**ANSWER:** FriendliAI admits the allegation in paragraph 4 of the Counterclaim.

## JURISDICTION

5. This Court has subject matter jurisdiction over these counterclaim actions for declaratory judgement pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 based on an actual controversy between Hugging Face and FriendliAI arising under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. The Court has personal jurisdiction over FriendliAI based on the filing of this lawsuit, among other things, in this District.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits that this Court has personal jurisdiction over FriendliAI with respect to the instant action. Without explanation of what "among other things" is intended to mean, FriendliAI lacks the information necessary to admit or deny the remaining allegations.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b). As set forth above, FriendliAI is subject to personal jurisdiction based on the filing of this lawsuit in this District. Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)-(d).

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits that venue is proper in this district. FriendliAI further admits that this Court has personal jurisdiction over FriendliAI with respect to the instant action.

**STATEMENT OF FACTS**

8. A real and immediate controversy exists between Hugging Face and FriendliAI concerning FriendliAI's allegations that Hugging Face infringes the '775 patent and the '520 patent.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits the allegations in paragraph 8 of the Counterclaim.

9. On January 8, 2024, FriendliAI filed its first amended complaint in the instant lawsuit wherein it accuses Hugging Face of infringing the '775 patent and the '520 patent.

**ANSWER:** FriendliAI admits the allegations in paragraph 9 of the Counterclaim.

**COUNT I**
**(Declaratory Judgement of Invalidity of the '775 patent)**

10. Hugging Face repeats and incorporates by reference each of the foregoing paragraphs of its counterclaim.

**ANSWER:** FriendliAI incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 9 of the Counterclaim.

11. The claims of the '775 patent are invalid for failure to comply with and/or satisfy one or more of the conditions and requirements of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 120, and/or based on other judicially-created bases for invalidation.

**ANSWER:** FriendliAI denies the allegations in paragraph 11 of the Counterclaim.

12. The claims of the '775 patent are invalid under 35 U.S.C. § 101 because the claimed invention(s) utilize conventional components in their normal and expected manner to

perform the abstract idea of "receiving" "requests," "scheduling" "a batch," and "generating" "output[s]."

**ANSWER:** FriendliAI denies the allegations in paragraph 12 of the Counterclaim.

13. The claims of the '775 patent are invalid as anticipated by the prior art, because one or more elements of the claimed invention(s) was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicants, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application(s) that led to the '775 patent.

**ANSWER:** FriendliAI denies the allegations in paragraph 13 of the Counterclaim.

14. The claims of the '775 patent are invalid as obvious in view of the prior art, because any differences between the claims and the prior art are such that the claimed subject matter as a whole would have been obvious at the time of invention to a person having ordinary skill in the relevant art. A person having ordinary skill in the relevant art would have had reason to combine the teachings of the prior art to achieve the claimed invention(s) and would have had a reasonable expectation of success in doing so.

**ANSWER:** FriendliAI denies the allegations in paragraph 14 of the Counterclaim.

15. The '775 patent does not contain a written description of the claimed invention(s), and of the manner and process of making and using same, in such full, clear, concise, and exact terms as to demonstrate to a person of ordinary skill in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER:** FriendliAI denies the allegations in paragraph 15 of the Counterclaim.

16. One or more claims of the '775 patent do not particularly point out and distinctly claim the subject matter which the inventors regard as the invention.

**ANSWER:** FriendliAI denies the allegations in paragraph 16 of the Counterclaim.

17. As a result of FriendliAI's allegations that Hugging Face infringes the '775 patent, an actual and justiciable controversy exists between Hugging Face and FriendliAI regarding the validity of the '775 patent.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits the allegations in paragraph 17 of the Counterclaim.

18. Therefore, Hugging Face is entitled to a judgment from this Court declaring the '775 patent is invalid.

**ANSWER:** FriendliAI denies the allegations in paragraph 18 of the Counterclaim.

## COUNT II
### (Declaratory Judgement of Noninfringement of the '775 patent)

19. Hugging Face repeats and incorporates by reference each of the foregoing paragraphs of its counterclaim.

**ANSWER:** FriendliAI incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 18 of the Counterclaim.

20. FriendliAI has accused Hugging Face of infringing claims of the '775 patent.

**ANSWER:** FriendliAI admits the allegations in paragraph 20 of the Counterclaim.

21. Hugging Face has not and does not make, use, offer to sell, sell, or import any product which infringes any valid claim of the '775 patent either directly or under the doctrine of equivalents.

**ANSWER:** FriendliAI denies the allegations in paragraph 21 of the Counterclaim.

22.     Hugging Face has not and does not induce or contribute to the alleged infringement of the '775 patent.

**ANSWER:**  FriendliAI denies the allegations in paragraph 22 of the Counterclaim.

23.     As a result of FriendliAI's allegations that Hugging Face infringes the '775 patent, an actual and justiciable controversy exists between Hugging Face and FriendliAI regarding Hugging Face's noninfringement of the '775 patent.

**ANSWER:**  The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed required, FriendliAI admits that an actual and justiciable controversy exists between FriendliAI and Hugging Face regarding Hugging Face's infringement of the '775 patent.

24.     Therefore, Hugging Face is entitled to a judgement from this Court declaring Hugging Face does not infringe any valid claim of the '775 patent.

**ANSWER:**  FriendliAI denies the allegations in paragraph 24 of the Counterclaim.

### COUNT III
### (Declaratory Judgement of Noninfringement of the '520 patent)

25.     Hugging Face repeats and incorporates by reference each of the foregoing paragraphs of its counterclaim.

**ANSWER**:  FriendliAI incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 24 of the Counterclaim.

26.     The claims of the '520 patent are invalid for failure to comply with and/or satisfy one or more of the conditions and requirements of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 120, and/or based on other judicially-created bases for invalidation.

**ANSWER**:  FriendliAI denies the allegations in paragraph 26 of the Counterclaim.

27. The claims of the '520 patent are invalid under 35 U.S.C. § 101 because the claimed invention(s) utilize conventional components in their normal and expected manner to perform the abstract idea of "receiving" "requests," "scheduling" "a batch," and "generating" "output[s]."

**ANSWER**: FriendliAI denies the allegations in paragraph 27 of the Counterclaim.

28. The claims of the '520 patent are invalid as anticipated by the prior art because one or more elements of the claimed invention(s) was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicants, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application(s) that led to the '520 patent.

**ANSWER**: FriendliAI denies the allegations in paragraph 28 of the Counterclaim.

29. The claims of the '520 patent are invalid as obvious in view of the prior art because any differences between the claims and the prior art are such that the claimed subject matter as a whole would have been obvious at the time of invention to a person having ordinary skill in the relevant art. A person having ordinary skill in the relevant art would have had reason to combine the teachings of the prior art to achieve the claimed invention(s) and would have had a reasonable expectation of success in doing so.

**ANSWER**: FriendliAI denies the allegations in paragraph 29 of the Counterclaim.

30. The '520 patent does not contain a written description of the claimed invention(s), and of the manner and process of making and using same, in such full, clear, concise, and exact terms as to demonstrate to a person of ordinary skill in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: FriendliAI denies the allegations in paragraph 30 of the Counterclaim.

31. One or more claims of the '520 patent do not particularly point out and distinctly claim the subject matter which the inventors regard as the invention.

**ANSWER**: FriendliAI denies the allegations in paragraph 31 of the Counterclaim.

32. As a result of FriendliAI's allegations that Hugging Face infringes the '520 patent, an actual and justiciable controversy exists between Hugging Face and FriendliAI regarding the validity of the '520 patent.

**ANSWER**: The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits the allegations in paragraph 32 of the Counterclaim.

33. Therefore, Hugging Face is entitled to a judgment from this Court declaring the '520 patent is invalid.

**ANSWER**: FriendliAI denies the allegations in paragraph 33 of the Counterclaim.

## COUNT IV
**(Declaratory Judgment of Noninfringement of the '520 patent)**

34. Hugging Face repeats and incorporates by reference each of the foregoing paragraphs of its counterclaim.

**ANSWER**: FriendliAI incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 33 of the Counterclaim.

35. FriendliAI has accused Hugging face of infringing claims of the '520 patent.

**ANSWER**: FriendliAI admits the allegations in paragraph 35 of the Counterclaim.

36. Hugging Face has not and does not make, use, offer to sell, sell, or import any product which infringes any valid claim of the '520 patent either directly or under the doctrine of equivalents.

**ANSWER**: FriendliAI denies the allegations in paragraph 36 of the Counterclaim.

37.     Hugging Face has not and does not induce or contribute to the alleged infringement of the '520 patent.

**ANSWER**: FriendliAI denies the allegations in paragraph 37 of the Counterclaim.

38.     As a result of FriendliAI's allegations that Hugging Face infringes the '520 patent, an actual and justiciable controversy exists between Hugging Face and FriendliAI regarding Hugging Face's noninfringement of the '520 patent.

**ANSWER**: The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, FriendliAI admits that an actual and justiciable controversy exists between FriendliAI and Hugging Face regarding Hugging Face's infringement of the '520 patent.

39.     Therefore, Hugging Face is entitled to a judgment from this Court declaring Hugging Face does not infringe any valid claim of the '520 patent.

**ANSWER**: FriendliAI denies the allegations in paragraph 39 of the Counterclaim.

## EXCEPTIONAL CASE

This case is an exceptional one, and Hugging Face is entitled to and seeks an award of its reasonable attorney's fees and costs under 35 U.S.C. § 285.

**ANSWER:** FriendliAI admits that Hugging Face seeks an award of its reasonable attorney's fees and costs under 35 U.S.C. § 285. FriendliAI expressly denies that Hugging Face is entitled to an award of its reasonable attorney's fees and costs under 35 U.S.C. § 285.

## JURY DEMAND

Hugging Face's demand for a jury trial in the Counterclaim does not require a response by FriendliAI.

## PRAYER FOR RELIEF

Plaintiff FriendliAI denies that Hugging Face is entitled to any of its requested relief.

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO HUGGING FACE'S COUNTERCLAIM

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

Hugging Face's Counterclaim fails to state a claim upon which relief may be granted.

### ADDITIONAL DEFENSES

FriendliAI reserves all defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in the case.

### PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in FriendliAI's Complaint (D.I. 1), FriendliAI prays the Court to enter a judgment as follows:

A. That Hugging Face's Counterclaim be dismissed with prejudice;

B. For entry of judgment in favor of Plaintiff FriendliAI and against Hugging Face on Hugging Face's Counterclaim;

C. For entry of judgement that the '775 patent is valid, enforceable, and infringed;

D. For entry of judgement that the '520 patent is valid, enforceable, and infringed;

E. That Hugging Face be required to pay FriendliAI's costs of suit;

F. That this case be declared exceptional and that Hugging Face be required to pay Plaintiff FriendliAI's attorneys' fees pursuant to 35 U.S.C. § 285; and

G. That FriendliAI be awarded such other and further relief as this Court deems just, reasonable, and proper.

OF COUNSEL:

Michael J. Sacksteder
Shreyas A. Kale
John M. DiBaise
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Jessica Kaempf
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Tel: (206) 389-4550

Dated: February 12, 2024
11320011 / 23295.00001

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff FriendliAI Inc.*