IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIENDLIAI INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-816 (MN) |
| | ) |
| HUGGING FACE, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT HUGGING FACE, INC.'S RESPONSIVE DISCOVERY DISPUTE
LETTER TO THE HONORABLE SHERRY R. FALLON**

POLSINELLI PC
Stephen J. Kraftschik (#5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
   *Attorneys for Defendant Hugging Face, Inc.*

OF COUNSEL:

Jason A. Wietjes
POLSINELLI PC
2950 N. Harwood St., Ste. 2100
Dallas, TX 75201
Tel.: (214) 661-5519
jwietjes@polsinelli.com

June 6, 2024

95439597.2

Dear Judge Fallon:

In response to Plaintiff's moving submission, Defendant responds globally that Plaintiff overstates the purported issues, inaccurately and inconsistently describes such issues, and otherwise does not account for the full scope of discovery, documents, and ESI Defendant has produced.  Defendant has worked with Plaintiff in good faith to identify and collect responsive documents.  Defendant has not improperly resisted production or refused to produce properly requested documents.

**Plaintiff has been granted access to all of the source code for the accused functionality.**

As Plaintiff states in its moving submission, the relevant accused functionality at issue in this action is the so-called TGI application.  TGI is the only functionality Plaintiff has accused of infringement.

TGI is a computer program embodied by computer source code.  TGI is software.  The entire and complete code for TGI is open source and publicly available.  All of the documentation for TGI is also publicly available.  Plaintiff has had full access to the TGI code, including all current and prior versions, as well as the supporting documentation, throughout the pendency of this action and at all times prior to the filing of this action.  As indicated by Plaintiff's extensive citations to TGI source code and documentation, Plaintiff is fully aware of these publicly available sources.

Defendant has additionally made its source code for the referenced Spaces and Inference Endpoints products available for inspection.  Plaintiff has in turn inspected the code for these products and Defendant has provided Plaintiff with printouts of such code under the terms of the protective order entered by the Court.

The referenced Enterprise Hub is a security layer and serves as a unified portal for Defendant's products.  Plaintiff incorrectly asserts that Enterprise Hub incorporates TGI.  Defendant is highly sensitive to any production of the entire code base for Enterprise Hub in view of the associated security issues.  Defendant has attempted to compromise with Plaintiff by allowing full access to the Enterprise Hub product itself, as an initial review step to allow Plaintiff to further evaluate Enterprise Hub's operation and separation from TGI.  Plaintiff has insisted on access to the full Enterprise Hub Code base.

Regarding the referenced Hugging Face Hub product, Plaintiff has not informed Defendant during the parties' meet-and-confer process that it believes Defendant's production with respect to any Hugging Face Hub code is deficient.  Plaintiff's discovery letter is the first such communication seeking additional information pertaining to the source code for Hugging Face Hub.

The source code for the HuggingChat product referenced by Plaintiff is also open source and publicly hosted.  This code has been publicly available and accessible by Plaintiff at all relevant times.

The referenced Open Assistant product is not owned by Defendant.  It is owned by a third party, and Defendant does not have access to the code or any related documentation for Open

95439597.2

The Honorable Sherry R. Fallon
June 6, 2024
Page 2

Assistant.  This has been communicated to Plaintiff.  Plaintiff has acknowledged its understanding that Open Assistant is not one of Defendant's products.  Nonetheless, Plaintiff continues to interject this product into the discovery process.

The referenced "Docker Hub" containers are not themselves a product.  They are simply "containers" for the TGI code.  In essence, "Docker Hub" containers are specific deployable instances of TGI, similar to an executable version of source code.  The files that make the containers are part of the TGI source code.  This has been communicated to Plaintiff.

**<u>Defendant has produced substantial financial information.</u>**

In addition to its externally audited financial statements, Defendant has produced varied and nuanced financial information and documentation to Plaintiff, including usage data, including but not limited to the following:

- Customer usage data (DEF_000692)
- 2022-11-self-serve-revenue (DEF_001155)
- Proposed pricing strategy for serverless endpoints (DEF_000918)
- "AR_Tracker" spreadsheet (DEF_006029)
- Infrastructure Cost Analysis & Optimization (DEF_001194)
- Spreadsheet of expenses per office (DEF_001229)
- Internal capitalization summary as of 7/5/2023 (DEF_013149)
- EAP Pricing Guidelines 2024 (DEF_333080)
- Series Seed Stock Purchase Agreement (DEF_105326)
- Series D Stock Purchase Agreement (DEF_107072)
- Series C Stock Purchase Agreement (DEF_107435)
- Series A Stock Purchase Agreement (DEF_111848)
- Shareworks Common Stock Valuation Report July 11, 2023 (DEF_152949)
- Solium Valuation Report Nov. 30, 2019 (DEF_127955)
- Solium Valuation Report Dec. 31, 2018 (DEF_132933)
- Shareworks Valuation Report April 22, 2024 (DEF_150691)
- Shareworks Valuation Report Sep. 30, 2021 (DEF_156418)
- Shareworks Valuation Report Sep. 28, 2022 (DEF_169021)

Defendant will produce all responsive financial information to Plaintiff, and has not withheld any specific financial information.  To the extent Defendant has additional responsive financial information, it will produce it in accordance with its obligations to do so and the case schedule.  In particular, Defendant will produce any financial information that pertains to usage data and the like.  Defendant intends to produce, and will produce, all such responsive information as kept in the ordinary course of business.  This has been communicated to Plaintiff throughout the Parties' meet-and-confer process, and in Defendant's responses to Plaintiff's discovery requests.  Lastly, the agreements detailed below contain significant financial information that relate to Plaintiff's issues.

95439597.2

The Honorable Sherry R. Fallon
June 6, 2024
Page 3

**Defendant has produced its agreements.**

Defendant will produce all responsive agreements to Plaintiff, and has not withheld any specific agreement. To the extent Defendant has additional responsive agreements, it will produce them in accordance with its obligations to do so and the case schedule. Discovery is ongoing. This has been communicated to Plaintiff throughout the Parties' meet-and-confer process, and in Defendant's responses to Plaintiff's discovery requests.

Plaintiff has not informed the Court in its moving submission that Defendant has produced the following agreements:

- MSA with IBM (DEF_000298)
- MSA with SK Telecom (DEF_009423)
- MSA with EAP Optum (DEF_020809)
- AWS Strategic Partnership Plan 2023 (DEF_062631)
- Google Collab Amendment #1 (DEF_197709)
- IBM Term Sheet (DEF_000316)
- Intel SOW (DEF_058519)
- Bloomberg MSA (DEF_073054)
- Bloomberg SOW (DEF_073138)
- Xilinx (AMD) Development and Marketing Agreement (DEF_080840)
- Qualcomm ISV Support Program Agreement (DEF_095742)
- Nvidia Collaboration Agreement (DEF_198961)
- Fidelity MSA (DEF_200192)
- Renault SAS MSA (DEF_339411)
- Otto MSA (DEF_339436)
- GIC MSA (DEF_340383)
- Parrot Evaluation Agreement (DEF_000322)
- Phamily Evaluation Agreement (DEF_000327)
- Pinecone Evaluation Agreement (DEF_000335)
- TTS Labs Evaluation Agreement (DEF_000368)
- Writer Evaluation Agreement (DEF_000373)

This is not an exhaustive list of the agreements Defendant has produced. Contemporaneously with the filing of this submission, counsel is in the process of further reviewing the case document database to determine whether any additional agreements may be included therein, including items identified by Plaintiff for the first time in its moving submission. To the extent any such items are located, Defendant will produce them, to the extent not already produced.

**Defendant has produced the technical information for the accused products.**

Defendant disputes Plaintiff's assertion that it did not comply with its obligation to produce core technical documents. Defendant does not understand why Plaintiff is making this an issue.

95439597.2

The Honorable Sherry R. Fallon
June 6, 2024
Page 4

      The parties engaged in a substantial and iterative negotiation to arrive at a comprehensive set of agreed search terms for purposes of Defendant's document collection. Defendant conducted a search using the agreed terms and has produced responsive documents totaling approximately 90 gigabytes. This production includes any technical documents identified in the search. Plaintiff has the technical documents pertinent to its own agreed search terms and Defendant has not withheld technical documents. Plaintiff has not identified even a single, specific technical document that Defendant has allegedly not produced. As such, Defendant does not know what additional it is that Plaintiff would have it produce. Should it become aware of any additional technical documents, Defendant will produce them in accordance with its obligations to do so and the case schedule.

      Also relevant here, and again, Plaintiff has access to the full TGI source code—the source code wholly embodying the accused functionality. This source code is the best possible example of how TGI functions.

      Respectfully,

      */s/ Stephen J. Kraftschik*

      Stephen J. Kraftschik

SJK:ncf
cc:  All Counsel of Record (via e-mail)

95439597.2