# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIENDLIAI INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 23-816-MN |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| HUGGING FACE, INC., | )   **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

## PLAINTIFF FRIENDLIAI'S OPENING DISCOVERY DISPUTE LETTER

OF COUNSEL:

Michael J. Sacksteder
Shreyas A. Kale
Samantha Ong
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Jessica Kaempf
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Tel: (206) 389-4550

Dated: June 5, 2024
11548619 / 23295.00001
Public Version Dated: June 12, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff FriendliAI Inc.*

Dear Judge Fallon:

Plaintiff FriendliAI Inc. ("FriendliAI") respectfully requests that the Court order Defendant Hugging Face, Inc. ("Defendant" or "Hugging Face") to produce (i) financial information; (ii) licenses and agreements; and (iii) technical documents, including source code.

This is a patent infringement case. The Accused Functionality is a feature called Text Generation Inference ("TGI"), which is used in deploying and serving Large Language Models (LLMs) with high-performance text generation. TGI is offered as a standalone toolkit, as well as incorporated into other Accused Products of Hugging Face, including Spaces, Inference Endpoints, Enterprise Hub (formerly known as Private Hub), Hugging Face Hub, HuggingChat, Open Assistant, and Docker Hub containers.

Discovery has been ongoing since November 2023. The Scheduling Order required production of core technical and financial information nearly six months ago, on January 15, 2024. (*See* D.I. 17 at 6(b).) Hugging Face has still not complied with these basic production requirements despite repeated promises to supplement its production. Defendant's initial production in January consisted of 16 documents, comprising merely 54 pages of publicly available web pages. Defendant's second production, on April 1, 2024, consisted of an additional 41 documents, with no financial or technical information for the relevant time period. The May 17, 2024 deadline for substantial completion of production has passed, and Defendant still has not produced the requested information that is the subject of this discovery letter. Fact discovery closes in just over one month, on July 17, 2024.[1]

**Financial Information for the Accused Products, Including Usage Data for TGI**

The Scheduling Order required Defendant to produce "sales figures for the Accused Products" by **January 15, 2024**. FriendliAI propounded requests for financial information sufficient to show sales of each Accused Product on January 22, 2024. (*See* Ex. A (FriendliAI's Requests for Production ("RFPs")) at RFP Nos. 41 ("sales (units and dollars), gross and net revenues, and costs of each Accused Product sold, distributed, licensed, or otherwise made available on a monthly, quarterly, and yearly basis"), 42 ("sales (units and dollars), gross and net revenues, and costs of each Accused Product associated with the Accused Functionality"), 52 ("forecasts, studies, or valuations of any kind relating to the present or net present value from operations, internal rate of return or other forecast, valuation or study that refers or relates to the value to be derived by you from past, present or future sales of the Accused Products and/or the Accused Functionality"), 62 ("quarterly and annual financial statements").)

Defendant agreed to "produce responsive, non-privileged documents it has in its possession, custody, and control sufficient to enable Plaintiff to calculate its alleged damages." (Ex. B (Hugging Face's Resp. to RFPs) at RFP Nos. 41, 42, 52, 62.) However, to date, Hugging Face has not produced the promised information. Indeed, Defendant produced no financial data on January 15, 2024, as required by the Scheduling Order.[2]

---

[1] The parties have informally agreed that depositions may be take through the end of July.
[2] After repeated requests, Hugging Face produced consolidated externally-audited financial

The Honorable Sherry R. Fallon                                                                                                       Page 2
June 5, 2024

Defendant's counsel has resisted producing financial information, representing that Defendant allegedly "doesn't maintain financial information broken down on an application-by-application basis." (Ex. G (Email of Hugging Face's Counsel dated April 12, 2024).) But Defendant's production to date elucidates that this representation is not accurate. Specifically, Defendant's most recent production contains certain "draft" documents showing that, contrary to Defendant's prior representation, Defendant indeed maintains financial information *on an application-by-application basis*. (*See, e.g.*, Ex. F (DEF_323613 (identified as a "draft" in the metadata))). When FriendliAI's counsel asked about this draft document, Defendant did not respond or otherwise confirm that the requested financial data has been produced. As it is indisputable that Defendant maintains detailed financial information, Defendant should be compelled to produce all such financial information, including on an application-by-application and/or customer-by-customer basis, as kept in the ordinary course of business.

FriendliAI also requested data regarding usage of the accused TGI functionality in each of the Accused Products, and revenue from a license for the Accused Functionality (the HFOIL license). (Ex. A (FriendliAI's RFPs) at RFP Nos. 44 ("documents and data regarding usage of each of the Accused Products"), 45 ("documents and data regarding the usage of the Accused Functionality for each of the Accused Products"), 48 ("documents concerning or relating to the decision to release Text Generation Inference v1.0 under the Hugging Face Optimized Inference License ('HFOIL') 1.0 license" ("TGI license")).) Such information is necessary for calculation of damages, and specifically apportioning revenue of the Accused Products to the accused functionality, and FriendliAI understands based on Defendant's production that it maintains certain usage data and logs. Defendant has not produced this highly relevant information.

Accordingly, FriendliAI respectfully requests that the Court compel Defendant's financial information for each of the Accused Products, including sales, cost, and profit information as it is kept in the ordinary course of business, as well as usage data of the accused TGI functionality in each of the Accused Products and revenue from the TGI HFOIL license.

**Licenses and Agreements for the Accused Products**:

FriendliAI has propounded requests for relevant licenses and agreements, specifically "contracts (including but not limited to subscriptions) between Hugging Face and its customers or distributors for the Accused Products." (Ex. A (FriendliAI's RFPs) at RFP Nos. 47, 48, 49.) Such licenses and agreements are relevant to damages and must be produced. *See Arendi Holding Ltd. v. Microsoft Corp.*, 2009 WL 3805585, at *2 (D. Del. Nov. 4, 2009) (Defendant's license agreements are discoverable because Plaintiff's damages expert "would review such agreements in connection with developing an opinion concerning an appropriate reasonable royalty").

In response to FriendliAI's requests, Defendant agreed to "produce any responsive, non-privileged documents it has in its possession, custody, and control." (Ex. B (Hugging Face's Resp.

---

statements for 2020-2022, on April 1, 2024. (Ex. C (DEF_000378); Ex. D (DEF_000379); Ex. E (DEF_000390).) These financial statements are insufficient, as they are outside the relevant time period, and do not show financial data as maintained in the ordinary course of business.

The Honorable Sherry R. Fallon                                                                                               Page 3
June 5, 2024

to RFPs at RFP No. 47; *see* Ex. G (Email from Defendant's Counsel dated April 12, 2024) ("[Defendant] Hugging Face has or will produce all applicable license agreements.").) Indeed, acknowledging the importance of these documents, Defendant represented that it would produce the requested documents by the end of March 2024. (*See* Ex. H (Email from Defendant's Counsel dated March 26, 2024) ("[Defendant] Hugging Face will produce relevant license agreements" and "intends to produce this information by the end of the month, as discussed.").)

Yet, despite Defendant's commitment to produce the relevant licenses and agreements by March 31, 2024, it has not done so. Indeed, documents in Defendant's production refer to relevant licenses and agreements, which have not been produced. This includes the AWS Collaboration Agreement, the IBM Collaboration agreement, the IBM OEM Agreement, the Habana Labs MSA, the Meta Master Subscription Agreement, and the SageMaker agreements. (*See* Ex. I (DEF_288421 ("Pricing Addendum to AWS Collaboration Agreement")); Ex. J (DEF_346103 ("IBM SOW add-ons")); Ex. K (DEF_320042 ("Habana 2023 renewal"); Ex. L DEF_275086 (Meta MSA amendment)); Ex. M (DEF_318996 (progress on collaboration with SageMaker).)

In sum, key licenses and agreements with major customers or service providers relating to the accused TGI feature and the Accused Products exist, but have not been produced. FriendliAI respectfully requests that the Court compel these agreements and licenses.

**<u>Technical Information for the Accused Products</u>**:

The Scheduling Order in this case required Defendant to "produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s)" by **January 15, 2024**. (D.I. 17.) This includes, for example, documents showing how each Accused Product deploys or implements the accused TGI functionality. FriendliAI has also propounded requests for documents regarding technical information, including source code, for the Accused Products and Accused Functionality. (Ex. A (FriendliAI's RFPs) at RFP Nos. 3 ("All documents relating to the research, design, development, or testing of the Accused Functionality"), 4 ("All documents relating to the implementation of the Accused Functionality into each of the Accused Products."); *see also* RFP Nos. 2, 5, 6.)

Defendant failed to meet its production requirements, and despite numerous requests by FriendliAI, has failed to remedy its production deficiencies. Indeed, the only technical information that Defendant produced on January 15, 2024 (the deadline to produce core technical documents under the Scheduling Order) were publicly available webpage documents showing how users can implement the Accused Functionality, Text Generation Inference ("TGI"). (*See* DEF_000001-000054.) Defendant did not produce technical documents sufficient to show how each of the Accused Products works, let alone how each Accused Product incorporates or deploys TGI.

Defendant apparently believes it is excused from producing technical documents showing operation of the Accused Products because some information for the Accused Products is publicly available. (*See* Ex. N (Email from Defendant's Counsel on March 8, 2024 ("any core technical documents FriendliAI believes it needs are publicly available and equally accessible to FriendliAI").) However, the Scheduling Order specifically states that the requirement to produce technical documents is "*not limited to* non-publicly available operation manuals, product literature,

The Honorable Sherry R. Fallon                                                                                           Page 4
June 5, 2024

schematics, and specifications." (*See* D.I. 17 at 6(b) (emphasis added).) In other words, publicly available documents are not exempt from discovery. That is particularly true here, where Defendant has not otherwise provided information or documents showing the operation of the Accused Products.[3]  Defendant should be compelled to produce all documents regarding the technical operation of the Accused Products, including specifically regarding the research, design, development, testing, implementation, incorporation and deployment of TGI.

Further, pursuant to the agreed Protective Order, Defendant should be compelled to produce source code for each of the Accused Products, including specifically Enterprise Hub, which Defendant has flatly refused to make available. (*See* D.I. 20 at Section 4.5 (provisions addressing production of source code.) Despite initial representations to the contrary, Defendant now concedes that non-public code for Enterprise Hub exists.[4] Yet, Defendant continues to refuse to produce such code. This code is highly relevant to, for example, whether and how the Accused Enterprise Hub Product implements the accused TGI feature. Indeed, public documentation makes clear that Enterprise Hub uses the TGI—yet Defendant has not provided any documents or source code showing how and to what extent TGI is incorporated or otherwise employed. (*See* Ex. O (Enterprise Hub uses "Docker containers (TGI) for maximum performance and security.").)

Moreover, the Court should reject Defendant's attempt to resist producing code because it is allegedly "highly sensitive." (Ex. P (Email from Defendant's Counsel dated April 12, 2024).) As explained above, this source code is highly relevant. Further, the parties' agreed Protective Order addresses any concerns Defendant may have about sensitivity of the code, as it sets out agreed-upon restrictions regarding the review and use of source code. Indeed, Defendant has made other source code available under the Protective Order. The Court should thus reject Defendant's attempt to withhold this highly relevant information.[5]

In summary, FriendliAI respectfully requests that the Court compel all technical information for the Accused Products that use TGI, including non-public documents and source code for Enterprise Hub.

---

[3] Defendant has not even provided URL links to identify the publicly available information it is relying on for any of the Accused Products.

[4] For months, through at least March 8, 2024, Hugging Face insisted that the source code for all Accused Products, including "Spaces, Inference Endpoints, and Enterprise Hub," was "publicly available" but refused to provide links to the publicly available source code. (Ex. N (Email from Defendant's Counsel dated March 8, 2024 ("the source code for Spaces, Inference Endpoints, Enterprise Hub, Hugging Face Hub and HuggingChat is publicly available.")).) After repeated requests from FriendliAI to provide or identify such publicly available source code, Defendant finally admitted that source code for at least Spaces, Inference Endpoints, and Enterprise Hub is not publicly available. (*See* Ex. Q (Email from Defendant's Counsel dated March 26, 2024).)

[5] Hugging Face has offered to provide a "demo" of the Enterprise Hub application. Putting aside that Hugging Face has not, to date, provided this, a demo is not sufficient to show how TGI is used and deployed within Enterprise Hub.

The Honorable Sherry R. Fallon												Page 5
June 5, 2024

                                                  Respectfully,

                                                  */s/ David E. Moore*

                                                David E. Moore

DEM:nmt/11548619/23295.00001

Enclosures
cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)