# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FRIENDLIAI INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 23-816-MN |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HUGGING FACE, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
(NOS. 1-74) TO DEFENDANT HUGGING FACE, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff FriendliAI Inc. ("FriendliAI" or "Plaintiff") hereby requests that Defendant Hugging Face, Inc. ("Hugging Face" or "Defendant") provide a written response to the following requests and produce the documents and things described below for inspection and copying, in accordance with the following instructions and definitions, at the offices of Fenwick & West, 555 California Street, 12th Floor, San Francisco, CA 94104, within thirty (30) days of service hereof.

**DEFINITIONS**

1. The terms "Plaintiff," "you," "your," or "FriendliAI" means Plaintiff FriendliAI, Inc., its predecessors in interest, subsidiaries, and affiliates. This term shall specifically include any other predecessor in interest with respect to the patents-in-suit.

2. The term "Defendant" means individually Defendant Hugging Face, Inc.

3. The term "'775 patent" means U.S. Patent No. 11,442,775.

4. The term "'520 patent" means U.S. Patent No. 11,836,520.

5. The term "patents-in-suit" shall refer to the '775 patent and the '520 patent.

6. The term "related patents/applications" means any and all patents, patent applications and/or patent publications concerning subject matter similar to the claimed subject matter of the patents-in-suit; by way of example only, related patents/applications include any patent document that (i) claims priority from the '775 patent and/or the '520 patent, (ii) is identified as priority for the '775 patent and/or the '520 patent, or (iii) claims priority to any application to which the '775 patent and/or the '520 patent claims priority.

7. The term "Asserted Claim(s)" means any and all claims of the patents-in-suit that FriendliAI alleges Defendant infringes.

8. The term "Accused Product" means Text Generation Inference (TGI), and any product, service, platform, solutions, model, dataset, application, or toolkit that Hugging Face has made, sold, offered for sale, advertised, marketed, used, or imported into the United States that incorporates, applies, or otherwise uses Text Generation Inference (TGI), including but not limited to the TGI toolkit distributed or otherwise made available by Hugging Face (including open source and under license), Spaces, Inference Endpoints, Enterprise Hub (formerly known as Private Hub), Hugging Face Hub, HuggingChat, OpenAssistant, and Docker Hub containers, including all past, current, and future versions of these products and services, even if they are not explicitly referred to by these product names, including any that may be released during the pendency of this matter ("Accused Products").

9. The term "Text Generation Inference" or "TGI" means Hugging Face's Text Generation Inference toolkit or functionality, including any prior or future versions of Text Generation Inference (including open source and under license).

10. The term "Accused Functionality" means Text Generation Inference and any other algorithm, feature or functionality that performs iteration level scheduling, dynamic batching and/or continuous batching.

11. The term "'775 patent prior art" means, prior to and including the filing date of the '775 patent, any article, poster, abstract, chapter, display, slides, or other printed publication that discloses, or a use, sale, or offer for sale of a system or device disclosed or claimed in the '775 patent or that practices or could be used to practice, the alleged inventions or portions of the alleged inventions disclosed or claimed in the '775 patent or any other thing or activity which could be or could have been relied on by the United States Patent Office or a court for an anticipation or obviousness determination of the '775 patent, including any and all patents, patent applications and/or publications prepared before the filing date of the '775 patent.

12. The term "'520 patent prior art" means, prior to and including the filing date of the '520 patent, any article, poster, abstract, chapter, display, slides, or other printed publication that discloses, or a use, sale, or offer for sale of a system or device disclosed or claimed in the '520 patent or that practices or could be used to practice, the alleged inventions or portions of the alleged inventions disclosed or claimed in the '520 patent or any other thing or activity which could be or could have been relied on by the United States Patent Office or a court for an anticipation or obviousness determination of the '520 patent, including any and all patents, patent applications and/or publications prepared before the filing date of the '520 patent.

13. The term "named inventor" shall mean one or more of the inventors named on the patents-in-suit, including Gyeongin Yu, Geon-Woo Kim, Joo Seong Jeong, Soojeong Kim and Byung-Gon Chun.

13. Hugging Face's obligation to respond to these document requests is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all products, services, platforms, solutions, models, datasets, applications, and toolkits that incorporate apply, or otherwise use the Accused Functionality, including each version or previous version of such product, the date each version was first introduced, and the date each such version was discontinued (if applicable).

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify any algorithm made, developed, used, or distributed by Hugging Face that performs iteration level scheduling, continuous batching, and/or dynamic batching.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the research, design, development, or testing of the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to the implementation of the Accused Functionality into each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to the development, manufacture, assembly, repair, offering for sale, sale, use, testing, demonstrating, marketing, distributing and/or importation into the United States of each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show all developers (including software developers and engineers Hugging Face has contracted to develop the Accused Functionality), manufacturers, suppliers, distributors, wholesalers, or other persons or entities who participated in the research, design, development, implementation, testing, manufacturing, distribution, sales, or marketing of the Accused Functionality, including, for each, their respective role and contributions to those activities.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to the patents-in-suit, or any of the named inventors.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to FriendliAI, or FriendliAI's products or services, including but not limited to PeriFlow.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to iteration level scheduling, continuous batching, and/or dynamic batching.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to the Orca serving system, including but not limited to the paper and/or presentation entitled "ORCA: A Distributed Serving System for Transformer-Based Generative Models."

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the Proceedings of the 16th USENIX Symposium on Operating Systems Design and Implementation in July 2022.

**REQUEST FOR PRODUCTION NO. 12:**

10

**REQUEST FOR PRODUCTION NO. 36:**

All documents and things regarding, related to, showing, and/or describing how each Accused Product is instructed, intended, and/or proposed to be used.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and things related to, showing, and/or describing how each Accused Product is used.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to your contention, if any, that Hugging Face does not induce third parties to infringe the patents-in-suit, including all documents supporting or refuting any contention that Hugging Face does not induce infringement.

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating to your contention, if any, that Hugging Face does not contribute to the infringement by third parties of the patents-in-suit, including all documents supporting or refuting any contention that Hugging Face does not contributorily infringe.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify (a) the customers, purchasers, recipients, or distributors to whom you have sold, distributed, licensed, or otherwise made available the Accused Products, and (b) the quantities of each Accused Product sold, distributed, licensed, or otherwise made available to each customer, purchaser, recipient, or distributor.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show sales (units and dollars), gross and net revenues, and costs of each Accused Product sold, distributed, licensed, or otherwise made available on a monthly, quarterly, and yearly basis.

15

**REQUEST FOR PRODUCTION NO. 42:**

All documents sufficient to show sales (units and dollars), gross and net revenues, and costs of each Accused Product associated with the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 43:**

All documents referring or relating to the extent, nature, or manner of the use of each Accused Product and/or the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and data regarding usage of each of the Accused Products, including but not limited to number of times the Accused Functionality has been deployed for each Accused Product, and/or number of installations or downloads of each product, service, toolkit, model, dataset, or apps that includes the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and data regarding the usage of the Accused Functionality for each of the Accused Products.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show all of your marketing, advertising, and promotional activities in connection with the Accused Products, including without limitation advertising or promotion over the Internet (including without limitation keyword advertising and promotion through social networking sites such as Facebook, Twitter, YouTube, TikTok, Pinterest, Instagram).

**REQUEST FOR PRODUCTION NO. 47:**

All contracts (including but not limited to subscriptions) between Hugging Face and its customers or distributors for the Accused Products.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning or relating to the decision to release Text Generation Inference v1.0 under the Hugging Face Optimized Inference License ("HFOIL") 1.0 license.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning or relating to the decision to maintain the versions of Text Generation Inference that were released prior to Text Generation Inference v1.0 under an Apache 2.0 license.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning or relating to any communications with any actual or prospective customers about the Accused Products and/or the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 51:**

Representative samples of each item of marketing and sales literature, including without limitation product brochures, promotional materials, press releases, new product announcements, catalog sheets, and price lists for the Accused Products and/or the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to any forecasts, studies or valuations of any kind relating to the present or net present value from operations, internal rate of return or other forecast, valuation or study that refers or relates to the value to be derived by you from past, present or future sales of the Accused Products and/or the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to any policies, strategies or practices for sales, marketing, and pricing of the Accused Products and/or the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 61:**

All documents regarding FriendliIAI's lost profits, including all documents supporting or refuting any contention that FriendliAI is not entitled to a recovery of lost profits.

**REQUEST FOR PRODUCTION NO. 62:**

The quarterly and annual financial statements of Hugging Face from January 2013 to the present.

**REQUEST FOR PRODUCTION NO. 63:**

All memoranda, studies, analyses, reports, business plans, marketing plans or projections provided to, received from, or prepared by Hugging Face concerning the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 64:**

All communications to or from Hugging Face concerning the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 65:**

Customer feedback relating to the Accused Products, including without limitation any customer praise or complaints relating to the Accused Functionality.

**REQUEST FOR PRODUCTION NO. 66:**

All documents concerning surveys or studies concerning the Accused Functionality including without limitation marketing, purchasing, brand awareness, or other studies to determine the familiarity of the public with your products, company or brand.

**REQUEST FOR PRODUCTION NO. 67:**

All agreements between you and any of your parents, subsidiaries, affiliates, partnerships, joint ventures, and/or any entity in or having common ownership with you.

**REQUEST FOR PRODUCTION NO. 74:**

All documents that you intend to use or rely on at trial.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| | By: */s/ Andrew L. Brown* |
| Michael J. Sacksteder | David E. Moore (#3983) |
| Shreyas A. Kale | Bindu A. Palapura (#5370) |
| John M. DiBaise | Andrew L. Brown (#6766) |
| FENWICK & WEST LLP | Hercules Plaza, 6th Floor |
| 555 California Street, 12th Floor | 1313 N. Market Street |
| San Francisco, CA 94104 | Wilmington, DE  19801 |
| Tel: (415) 875-2300 | Tel:  (302) 984-6000 |
| | dmoore@potteranderson.com |
| Jessica Kaempf | bpalapura@potteranderson.com |
| FENWICK & WEST LLP | abrown@potteranderson.com |
| 401 Union Street, 5th Floor | |
| Seattle, WA 98101 | *Attorneys for Plaintiff FriendliAI Inc.* |
| Tel: (206) 389-4550 | |

Dated: January 22, 2024
11282866 / 23295.00001