# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIENDLIAI INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 23-816 (MN) |
| HUGGING FACE, INC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-74)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Hugging Face, Inc. (Defendant) serves its objections and responses to FriendliAI Inc.'s (Plaintiff) first set of requests for production of documents (Nos. 1-74) as follows:

**PRELIMINARY STATEMENT**

These objections and responses reflect Defendant's present knowledge, information and belief based upon information currently available, and may be subject to change or modification based on further discovery, or on further facts or circumstances Defendant may subsequently learn. Defendant reserves its right to amend or supplement these objections and responses to raise any applicable objections or modify responses based upon further analysis, information, and/or documents subsequently obtained and/or evaluated. Defendant reserves the right to produce evidence of any fact or information subsequently discovered, or to add, modify, amend, or supplement its responses as necessary or appropriate to correct any inadvertent errors or omissions. Nothing in these objections and responses shall be construed as waiving any rights or objections that otherwise may be available to Defendant, nor are any of Defendant's objections

1

Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to this request as not properly limited in time and scope. Defendant objects to this request to the extent it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control relating to the accused Text Generation Interface and the products otherwise specifically identified by Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify any algorithm made, developed, used, or distributed by Hugging Face that performs iteration level scheduling, continuous batching, and/or dynamic batching.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "iteration level scheduling, continuous batching, and/or dynamic batching" as vague, ambiguous, and overly broad because it seeks to include functionality which is not clearly defined, is not covered by any claim of the Asserted Patents, and is not within the scope of

Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to this request as not properly limited in time and scope. Defendant objects to this request to the extent that it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.

Subject to and without waiving the foregoing objections, Defendant states that to the extent Plaintiff alleges the Accused Products "perform[] iteration level scheduling, continuous batching, and/or dynamic batching," the source code for the Accused Products is publicly available. Defendant states that it will otherwise produce responsive, non-privileged documents it has in its possession, custody, and control relating to the accused Text Generation Interface and the products otherwise specifically identified by Plaintiff.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the research, design, development, or testing of the Accused Functionality.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not clearly defined, is not covered by any claim of the Asserted

13

93184623.5

Patents, and is not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to this request as it is not properly limited in time and scope. Defendant objects to this request to the extent it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control relating to the accused Text Generation Interface and the products otherwise specifically identified by Plaintiff.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to the implementation of the Accused Functionality into each of the Accused Products.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not clearly defined, not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to the phrase "Accused Products" as vague,

93184623.5

ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to this request as it is not properly limited in time and scope. Defendant objects to this request to the extent it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control relating to the accused Text Generation Interface and the products otherwise identified by Plaintiff.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to the development, manufacture, assembly, repair, offering for sale, sale, use, testing, demonstrating, marketing, distributing and/or importation into the United States of each of the Accused Products.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to

93184623.5

include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not clearly defined, are not covered by any claim of the Asserted Patents and are not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to this request as it is not properly limited in time and scope. Defendant objects to this request to the extent that it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it will produce responsive, non-privileged documents it has in its possession, custody, and control relating to the accused Text Generation Interface and the products otherwise identified by Plaintiff.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show all developers (including software developers and engineers Hugging Face has contracted to develop the Accused Functionality), manufacturers, suppliers, distributors, wholesalers, or other persons or entities who participated in the research, design, development, implementation, testing, manufacturing, distribution, sales, or marketing of the Accused Functionality, including, for each, their respective role and contributions to those activities.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

16

93184623.5

issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it purports to include functionality that is not clearly defined, not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to this request as it is not properly limited in time and scope. Defendant objects to this request to the extent that it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control related to the development of the accused Text Generation Interface and the products otherwise identified by Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to the patents-in-suit, or any of the named inventors.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request to the extent it seeks information, or any applicable documents, protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to FriendliAI, or FriendliAI's products or services, including but not limited to PeriFlow.

models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control sufficient to enable Plaintiff to calculate its alleged damages.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show sales (units and dollars), gross and net revenues, and costs of each Accused Product sold, distributed, licensed, or otherwise made available on a monthly, quarterly, and yearly basis.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome.  Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.

Subject to and without waiving the foregoing objections, Defendant states that it will produce responsive, non-privileged documents it has in its possession, custody, and control sufficient to enable Plaintiff to calculate its alleged damages.

**REQUEST FOR PRODUCTION NO. 42:**

All documents sufficient to show sales (units and dollars), gross and net revenues, and costs of each Accused Product associated with the Accused Functionality.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.

93184623.5

Subject to and without waiving the foregoing objections, Defendant states that it will produce responsive, non-privileged documents it has in its possession, custody, and control sufficient to enable Plaintiff to calculate its alleged damages.

**REQUEST FOR PRODUCTION NO. 43:**

All documents referring or relating to the extent, nature, or manner of the use of each Accused Product and/or the Accused Functionality.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome.  Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.  Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.  Defendant objects to this request to the extent that it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.  Defendant objects to this

request as unreasonably cumulative, duplicative, and/or redundant of other discovery requests Plaintiff has propounded.

Subject to and without waiving the foregoing objections, Defendant states that it will produce responsive, non-privileged documents it has in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and data regarding usage of each of the Accused Products, including but not limited to number of times the Accused Functionality has been deployed for each Accused Product, and/or number of installations or downloads of each product, service, toolkit, model, dataset, or apps that includes the Accused Functionality.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not clearly defined, not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the

Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession custody and control, and otherwise sufficient to enable Plaintiff to calculate its alleged damages.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and data regarding the usage of the Accused Functionality for each of the Accused Products.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome.  Defendant objects to this request as it seeks documents that are not relevant to any claims or defenses in the case. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not clearly defined, not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.  Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any

43

claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.

Subject to and without waiving any foregoing objections, Defendant states that it will produce responsive, non-privileged documents it has in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show all of your marketing, advertising, and promotional activities in connection with the Accused Products, including without limitation advertising or promotion over the Internet (including without limitation keyword advertising and promotion through social networking sites such as Facebook, Twitter, YouTube, TikTok, Pinterest, Instagram).

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome.  Defendant objects to this request as it seeks documents that are not relevant to any claims or defenses in the case. Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's

scheduling order. Defendant objects to the request as not properly limited in time and scope. Defendant objects to this request to the extent it seeks publicly available documents that are as easily accessible by Plaintiff as by Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 47:**

All contracts (including but not limited to subscriptions) between Hugging Face and its customers or distributors for the Accused Products.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to the request as not properly limited in time and scope.

Subject to and without waiving any foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning or relating to the decision to release Text Generation Inference v1.0 under the Hugging Face Optimized Inference License ("HFOIL") 1.0 license.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning or relating to the decision to maintain the versions of Text Generation Inference that were released prior to Text Generation Inference v1.0 under an Apache 2.0 license.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit.

93184623.5

Subject to and without waiving the foregoing objections, Defendant states that it will produce any responsive, non-privileged documents it has in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning or relating to any communications with any actual or prospective customers about the Accused Products and/or the Accused Functionality.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not clearly defined, not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to the request as not properly limited in time and scope.

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to any forecasts, studies or valuations of any kind relating to the present or net present value from operations, internal rate of return or other forecast, valuation or study that refers or relates to the value to be derived by you from past, present or future sales of the Accused Products and/or the Accused Functionality.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome.  Defendant objects to the phrase "Accused Products" as vague, ambiguous, and overly broad because it seeks to include products, services, platforms, solutions, models, datasets, applications, and/or toolkits which are not covered by any claim of the Asserted Patents and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order. Defendant objects to the phrase "Accused Functionality" as vague, ambiguous, and overly broad because it seeks to include functionality which is not clearly defined, not covered by any claim of the Asserted Patents, and not within the scope of Plaintiff's complaint and claim chart in accordance with the Court's scheduling order.  Defendant objects to the request as not properly limited in time and scope.

93184623.5

**REQUEST FOR PRODUCTION NO. 62:**

The quarterly and annual financial statements of Defendant from January 2013 to the present.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to the request as not properly limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant states that it will produce responsive, non-privileged documents it has in its possession, custody and control sufficient to enable Plaintiff to calculate its alleged damages.

**REQUEST FOR PRODUCTION NO. 63:**

All memoranda, studies, analyses, reports, business plans, marketing plans or projections provided to, received from, or prepared by Defendant concerning the Accused Functionality.

**RESPONSE:**

In addition to the foregoing objections, Defendant objects to this request as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to

|  |  |
|---|---|
| OF COUNSEL:<br><br>Jason A. Wietjes<br>POLSINELLI PC<br>2950 N. Harwood St., Ste. 2100<br>Dallas, TX 75201<br>Tel.: (214) 661-5519<br>jwietjes@polsinelli.com<br><br>February 21, 2024 | POLSINELLI PC<br><br>*/s/ Stephen J. Kraftschik*<br>Stephen J. Kraftschik (#5623)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801<br>(302) 252-0920<br>skraftschik@polsinelli.com<br>  *Attorneys for Defendant Hugging Face, Inc.* |

66

93184623.5