# EXHIBIT A



801 California Street  
Mountain View, CA 94041

650.988.8500  
Fenwick.com

Shreyas A. Kale  
skale@fenwick.com  |  650.335.7100

June 30, 2024

VIA EMAIL

Jason A. Wietjes  
Email: JWietjes@Polsinelli.com  
Polsinelli PC  
2950 N. Harwood St., Suite 2100  
Dallas, TX  75201

Re:     *FriendliAI Inc. v. Hugging Face, Inc.*, U.S.D.C. Dist. of DE, Case No. 1:23-cv-00816-MN

Counsel:

This correspondence is in response to your June 21, 2024 letter addressing the Court's order regarding Hugging Face's deficient production.  Hugging Face still has not produced several categories of critical documents ordered by the Court.  Hugging Face must meet its discovery obligations, or FriendliAI will move to compel compliance with the Court's order, and will seek fees for having to do so.

**Financial Information**

Hugging Face has continued to fail to produce relevant financial and usage documents on an application-by-application and customer-by-customer basis, as ordered by the Court.  As reflected in your June 21, 2024 letter, Hugging Face failed to comply with the Court's order to produce documents by no later than June 20, 2024.  *See* Email from J. Wietjes dated June 21, 2024 ("[O]ur client has informed us they intend to produce the additional financial documents and information that are the subject of the Court's order.  However, we aren't currently in possession of these items.")

While Hugging Face made a production on the following day, the production consisted of merely the same documents Hugging Face listed in Hugging Face's responsive brief to the motion to compel—which FriendliAI already challenged, and the Court already rejected, as insufficient.  (*See, e.g.*, documents identified in letter from J. Wietjes dated June 21, 2024, including DEF_360709, DEF_360705, DEF_360701, DEF_360698, DEF_360695).  These documents consist of either draft documents, or documents that do not provide financial data as kept in the ordinary course of business (e.g., financial statements).  Again, FriendliAI already explained in its motion that these documents are insufficient.  And Hugging Face's claim that these documents "encompass and best approximate financial data on an application-by-application basis and usage data" is non-sensical.  There is no reason why Hugging Face cannot provide non-draft documents (let alone documents that reflect up-to-date financials.)  Indeed, the documents that

Jason A. Wietjes
June 30, 2024
Page 2

Hugging Face has produced reflect that "[t]he financial statements are prepared directly from *the records provided*." (*See* DEF_360705; DEF_360701; DEF_360698; DEF_360695). Yet importantly, Hugging Face did not provide those underlying financial records. Hugging Face's production thus remains deficient.

Additionally, Hugging Face claims that the revenue generated from the HFOIL license is not "tracked or compiled by Defendant as a separate line item or accounting record," but cannot point to a single license, agreement, or other document that actually lists any HFOIL licensees. Defendant's discovery obligations are not limited to those "tracked or compiled" as a separate line item. Hugging Face must still produce revenue information from the TGI HFOIL license, as ordered by the Court.

Finally, Hugging Face has still not provided *any* usage data as required by the Court's order.

**Licenses and Agreements, and Relevant Documents Referenced in the Licenses and Agreements**

The Court's order required Hugging Face to produce all licenses and agreements, not limited to the six agreements specifically listed in your June 21, 2024 letter. Hugging Face is also required to produce agreements responsive to Requests for Production Nos. 47, 48, and 49. Hugging Face failed to comply with these discovery obligations and the Court's order.

First, Hugging Face failed to produce even the six agreements specifically referenced in the Court's order. For example, the IBM Collaboration Agreement has not been produced, only a limited term sheet. (DEF_000316; DEF_347521; DEF_347527; DEF_347610). The IBM OEM Agreement is not the same as the IBM MSA, and has not been produced. (DEF_000298; DEF_34763). Hugging Face's June 21, 2024 letter again merely references the same Bates numbers that FriendliAI already challenged, and the Court already deemed insufficient.

Second, Hugging Face's new production referenced in your letter identifies additional relevant documents that are missing from Hugging Face's production. (*See* DEF_347751). The additionally produced agreements identified in your letter include the Q1 and Q3 2023 AWS QBR documents. (DEF_347751; DEF_347764). These documents indicate that there should be additional QBR ("Quarterly Business Review") documents that would include the time period when AWS license TGI with the HFOIL license. These documents must also be produced.

**Source Code**

While Hugging Face produced source code for Enterprise Hub, the produced source code did not include any of the custom enterprise hub solutions that Hugging Face has created for their customers. This includes the custom TGI containers created for SageMaker and Dell as

Jason A. Wietjes
June 30, 2024
Page 3

referenced by Hugging Face's public presentations. (*See* FRIENDLIAI_00001163; https://www.youtube.com/watch?v=cTyXDhiltXw).  This source code is part of the Enterprise Hub source code that should have been produced pursuant to the Court's order.

**Technical Documentation**

As the Court order made clear, Hugging Face's obligation for production of documents regarding the technical operation of the Accused Products, including the research, design, development, testing, implementation, incorporation and deployment of TGI, is *not* limited to non-public documents or limited to the ESI search terms.  Hugging Face cannot point to documents that show the research, development, testing, implementation, incorporation, and deployment of TGI in, for example, Enterprise Hub, in any of its production.  The technical documentation produced to date is wholly insufficient to understand how each Accused Product works, much less how they were developed, designed, and incorporate TGI.  All such documentation must be found and produced by Hugging Face, even if publicly available or outside the scope of the narrow ESI search terms.

Hugging Face's blatant disregard for the Court's order is unacceptable, and FriendliAI intends to seek the Court's relief, including its fees for having to do so.  Hugging Face should be prepared to discuss these issues during the meet and confer scheduled on July 1, 2024.

        Sincerely,

        FENWICK & WEST LLP

         */s/ Shreyas A. Kale*

        Shreyas A. Kale