# EXHIBIT D

# Brown, Andrew L.

| | |
|---|---|
| **From:** | Brown, Andrew L. |
| **Sent:** | Monday, July 22, 2024 10:04 AM |
| **To:** | 'Stephen J. Kraftschik' |
| **Cc:** | Moore, David E. |
| **Subject:** | RE: FriendliAI v. Hugging Face - Additional Discovery disputes |

Thanks, Steve.

We intend to reach out to the Court on all issues. However, if Hugging Face can provide a date certain for the deposition of Mr. Boudier by Noon (PT) tomorrow, we can drop that one.

**From:** Stephen J. Kraftschik <skraftschik@polsinelli.com>
**Sent:** Friday, July 19, 2024 10:34 AM
**To:** Brown, Andrew L. <abrown@potteranderson.com>
**Cc:** Moore, David E. <dmoore@potteranderson.com>
**Subject:** [EXT] RE: FriendliAI v. Hugging Face - Additional Discovery disputes

**\*\* This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. \*\***

Hi Andrew,

We actually did just learn that Jeff Boudier plans to return to the U.S. on August 22 or 23, and Hugging Face will make him available for an in-person deposition in the U.S. after that date. We will work on providing specific availability and get that to you as soon as possible. I think that should resolve the dispute at least as to Mr. Boudier. To the extent you still intend to raise the issue of Clement Delangue's deposition with the Court (who has not been designated as a 30b6 witness), we do not object to you raising that issue with the court in the context of the already scheduled discovery teleconference and do not see any need to advise the Court of this issue in advance of your opening letter.

Additionally, we have located additional financial information and usage information that we are planning to produce as soon as possible (hopefully by the end of the day today). We expect this will also resolve this dispute, but we understand you'll want to see the documents before you can provide your position on this.

Next, we disagree that the issue of Julien Simon's videos and whether they may be deemed party admissions of Hugging Face is appropriately raised as a discovery dispute (and we will oppose that request). In any event, any dispute regarding Julien Simon is already teed up with the Court and so I do not see a need to specifically write to the court about the change in your requested relief.

At this time, we do not intend to file an opening letter on the issue we previously raised in the letter to the court.

In light of the above, I do not see any need to inform the Court at this point that the scope of the parties' disputes may be somewhat changed. I'd suggest at the very least revisiting this issue on Monday or Tuesday if your side still believes we need to update the Court in advance of any submissions.

Steve

**Stephen J. Kraftschik**

Shareholder

skraftschik@polsinelli.com

**302.252.0926**

222 Delaware Avenue, Suite 1101
Wilmington, DE 19801



Polsinelli PC, Polsinelli LLP in California

polsinelli.com

---

**From:** Brown, Andrew L. <abrown@potteranderson.com>
**Sent:** Thursday, July 18, 2024 5:31 PM
**To:** Stephen J. Kraftschik <skraftschik@polsinelli.com>
**Cc:** Moore, David E. <dmoore@potteranderson.com>
**Subject:** FriendliAI v. Hugging Face - Additional Discovery disputes

**EXTERNAL EMAIL**   abrown@potteranderson.com

Steve,

Below is the email I intend to send to the Court. I think it makes sense, if the Court agrees, for us to file an amended motion for teleconference to add the disputes mentioned below. Additionally, it is my understanding that Defendant's issues in the motion have now been resolved. If you agree, let me know if you think we should also inform the Court that Defendant intends to drop those issues so as not to burden the Court.

---

Dear Ms. Welham,

The parties previously filed a motion for a discovery dispute teleconference (D.I. 73). In that motion, Plaintiff requested to compel the deposition of one of Defendant's employees by July 12, 2024. As that employee has now left the company, Plaintiff would like to amend the motion to seek relief in the alternative that videos and other promotional material published by that employee be deemed statements of Hugging Face, and to compel production of that former employee's ESI.

Further, since filing that motion, additional discovery issues have arisen. In an effort to streamline the resolution of these disputes for the Court, Plaintiff respectfully requests to add these disputes to the amended motion, to be heard at the hearing on August 1, 2024. The additional disputes are Plaintiff's request to compel depositions of two current

employees for in-person depositions, as well as to compel compliance with the Court's discovery order and for fees (D.I. 61).

The parties met and conferred on these additional issues, most recently on July 17, 2024, and were unable to resolve these disputes. With the Court's permission, Plaintiff respectfully requests to file an amended motion for a discovery teleconference to include these additional issues. Thank you very much for your assistance.



**Andrew L. Brown** | Associate

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6107

abrown@potteranderson.com | potteranderson.com

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.