IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIENDLIAI INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-816-MN |
| ) | |
| HUGGING FACE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this **30th** day of **July, 2024**, the court having considered the parties' discovery dispute letter briefing on Plaintiff's motion to compel and for sanctions under Federal Rule of Civil Procedure 37 (D.I. 90; D.I. 91), IT IS ORDERED that the motion is GRANTED-IN-PART for the reasons set forth below.

1. **Plaintiff's motion to compel compliance with the Oral Order dated June 10, 2024 is DENIED without prejudice.** Plaintiff contends that Defendant has failed to comply with the court's June 10 Oral Order, which compelled Defendant to produce financial information for the accused products, licenses and agreements, and documents regarding the technical operation of the accused products. (D.I. 90 at 1; D.I. 62) As a result, Plaintiff continues to seek the following discovery: (1) financial data regarding usage of the TGI functionality and usage of models that support TGI functionality; (2) data regarding costs; (3) revenue from the HFOIL license; (4) agreements, including the Samsung TGI license; and (5) custom source code for the accused Enterprise Hub product. (D.I. 90 at 2) Plaintiff also seeks recovery of its reasonable expenses, including attorneys' fees, for bringing the motion to compel. (*Id.*)

2.  The parties' most recent meet and confer on this issue was held on July 17, 2024. (D.I. 94 at ¶ 4) There is no dispute that Defendant subsequently made a production of additional financial information on July 19, 2024. (D.I. 90 at 2 n.1; D.I. 91 at 1; D.I. 94, Ex. D) The parties communicated on July 22, but Plaintiff did not identify alleged deficiencies in the production at that time. (D.I. 94, Ex. D) The following day, Plaintiff raised the issue with the court. (D.I. 88) The ensuing series of events illustrates why the court imposes a meet and confer requirement on the parties prior to entertaining requests to be heard on disputed discovery issues.

3.  *Usage data.* Plaintiff acknowledges that it received and reviewed the July 19 production, but Plaintiff argues that the production did not include usage data of the accused TGI functionality or the models that support TGI functionality. (D.I. 90 at 2 n.1) Defendant's responsive submission details its efforts to create fourteen spreadsheets comprising usage data, which was not separately maintained in the ordinary course of business. (D.I. 91 at 1) The parties have not discussed the contents of the spreadsheets, leaving the court with insufficient information to determine whether the spreadsheets satisfy Defendant's obligation to produce usage data regarding the TGI functionality.

4.  *Cost and revenue information.* Plaintiff also argues, without elaboration, that Defendant "has not produced any data regarding costs, and has not produced revenue from the HFOIL license." (D.I. 90 at 2) Defendant's response attaches a balance sheet and a profit and loss statement which were included in the July 19 production. (D.I. 91, Ex. C) On their face, these documents show costs and revenues. Plaintiff's failure to identify any specific deficiencies in the cost and revenue information produced by Defendant confirms the premature nature of Plaintiff's request for relief.

2

5. ***Samsung license.*** In a June 30 letter, Plaintiff stated that Defendant had not produced even the six license agreements specifically referenced in the court's June 10 Oral Order. (D.I. 94, Ex. A at 2) There appears to be no dispute that Defendant has since produced those six agreements along with other relevant license agreements. (D.I. 91 at 2) Yet correspondence surrounding subsequent meet and confer efforts refers back to the deficiencies identified in the June 30 letter, with a focus on the issue of usage data. (D.I. 94, Exs. B-C) The record before the court supports Defendant's position that "Plaintiff raised the purported Samsung license for the first time in its July 24 letter to the Court." (D.I. 91 at 2) Defendant has nonetheless agreed to search for and produce the Samsung license to put this issue to rest. Consequently, relief from the court on Plaintiff's premature request is not necessary.

6. ***"Custom code" for Enterprise Hub.*** Plaintiff inspected Defendant's Enterprise Hub source code on June 21, 2024 and indicated that the produced source code was deficient because it did not include custom Enterprise Hub solutions. (D.I. 91 at 2-3; D.I. 94, Ex. A at 2-3) Although the parties met and conferred on the issues raised in the June 30 letter on July 1 and again on July 17, communications between the parties shed no light on what was discussed regarding the source code issue. (D.I. 94, Exs. B-C) Defendant's responsive letter suggests the parties did not discuss this issue in their meet and confers. Defendant expresses uncertainty about the meaning of "custom code" and raises a detailed argument about how such information is not relevant or proportional to the needs of the case. (D.I. 91 at 3) Plaintiff's motion to compel does not anticipate Defendant's Rule 26 arguments—a hallmark of a failure to engage in a meaningful meet and confer—and Plaintiff makes no effort to satisfy its burden of demonstrating the relevance and proportionality of the requested information. *See Novanta*

3

*Corp. v. Iradion Laser, Inc.*, C.A. No. 15-1033-SLR-SRF, 2016 WL 4987110, at *2 (D. Del. Sept. 16, 2016).

7. ***Sanctions.*** Based on the foregoing analysis and the court's denial of the relief requested, Plaintiff's motion for "reasonable expenses, including attorneys' fees" is also denied. (D.I. 90 at 2)

8. **Plaintiff's motion to compel Defendant to provide in-person deposition dates for Jeff Boudier and Clement Delangue is DENIED without prejudice.** Plaintiff noticed the depositions of Boudier and Delangue on May 28, 2024 and moves to compel their depositions in the United States by a date certain prior to September 11, 2024. (D.I. 90, Exs. I, J) Defendant has confirmed that Boudier will return to the United States on August 22 or 23 and will be made available for deposition prior to September 11. (D.I. 91 at 3) The record before the court indicates that a more specific date has not yet been established because Boudier was on vacation until July 29. (D.I. 93 at ¶ 3) Upon Boudier's return from vacation, the parties shall promptly meet and confer on scheduling his deposition.

9. Delangue's date of return to the United States is less certain.[1] The parties' recent stipulation confirms that Defendant intends to produce Delangue for deposition upon his return to the United States. (D.I. 86 at 2) Plaintiff insists that the deposition must occur before September 11 because Plaintiff's claim construction reply brief is due on September 25. (D.I. 90 at 3) But Plaintiff has not demonstrated the relevance of Delangue's anticipated testimony to the matter of claim construction.

---

[1] Although Defendant emphasizes Delangue's French citizenry, there is no dispute that Delangue is a resident of the United States who lives in Miami, Florida. (D.I. 90, Ex. N at 15:11-17)

4

**10.** Defendant has offered to make Delangue available for deposition in France, either in person or via video. (D.I. 93 at ¶ 5) To the extent that Plaintiff seeks a date certain for Delangue's deposition prior to September 11, Plaintiff may engage with Defendant on this offer. The parties must meaningfully meet and confer. In the event this issue comes before the court again, the court will require a chart demonstrating each side's respective position on how to reasonably resolve the location selection and scheduling of this witness's deposition.

**11. Plaintiff's motion for relief regarding discovery from Julien Simon is GRANTED-IN-PART.** On June 5, 2024, Plaintiff noticed the deposition of Julien Simon for July 10. (D.I. 90, Ex. F) At the time the notice of deposition was served, Simon was employed by Defendant as "Chief Evangelist." In this role, Simon promoted Defendant's products and provided support to Defendant's customers. (D.I. 90, Ex. G; D.I. 91, Ex. I at 31)

**12.** On July 1, Defendant informed Plaintiff that Simon would depart the company on July 12 and would not be available for deposition before his departure date due to a pre-planned vacation. (D.I. 90, Ex. E at 13) Because Plaintiff was deprived of the opportunity to depose Simon, Plaintiff now seeks Rule 37 sanctions in the form of deeming Simon's videos and materials made during his employment as party admissions under Federal Rule of Evidence 801(d)(2). (D.I. 90 at 4) Plaintiff also moves to compel the production of Simon's ESI pursuant to the parties' agreed search terms. (*Id.*)

**13.** Plaintiff's motion for sanctions under Rule 37(b)(2)(A)(i) is DENIED. Sanctions are imposed sparingly, and careful consideration should be given to the request before it is raised with the court. *See Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 556 (D. Del. 2013). Unfounded requests for sanctions are a waste of judicial resources. *See Atl. Thermoplastics Co., Inc. v. Faytex Corp.*, 970 F.2d 834, 835 n.1 (Fed. Cir. 1992).

14. Rule 37(b)(2)(A)(i) provides for sanctions in the form of an adverse inference when "a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2)(A)(i). The plain text of the Rule confirms its inapplicability to the facts at hand. Plaintiff has not shown that Simon is an officer, director, or managing agent, and his notice of deposition confirms that his deposition was sought under Rule 30(b)(1), as opposed to Rule 30(b)(6). (D.I. 90, Ex. F) Even if Simon's role was among those covered by the Rule, Plaintiff has not established that a failure to comply with a notice of deposition amounts to a failure to obey a court order. *Cf. Lewis v. Newburgh Housing Auth., Inc.*, 2024 WL 1421335, at *6 (S.D.N.Y. Feb. 7, 2024) (imposing sanctions under Rule 37(b)(2)(A) when the plaintiff failed to appear for her deposition after being served with a deposition notice and receiving a court order directing her to appear). Moreover, Plaintiff's argument ignores the fact that Simon voluntarily departed his employment, and that departure is not attributable to his employer as an intentional violation of either a notice of deposition or a court order.

15. In accordance with Defendant's offer, Plaintiff's request to compel the production of Simon's ESI pursuant to the parties' agreed search terms is GRANTED. (D.I. 90, Ex. E at 1; D.I. 91 at 4 n.3)

16. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

- Plaintiff's motion to compel compliance with the Oral Order dated June 10, 2024 is DENIED without prejudice.

- Plaintiff's motion to compel Defendant to provide in-person deposition dates for Jeff Boudier and Clement Delangue is DENIED without prejudice. The parties shall promptly meet and confer on the scheduling of these depositions.

- Plaintiff's motion for relief regarding discovery from Julien Simon is GRANTED-IN-PART. The motion is GRANTED to the extent that Plaintiff moves to compel the production of Simon's ESI, and Defendant shall complete the production on or before August 16, 2024. The relief sought by Plaintiff under Fed. R. Civ. P. 37(b)(2)(A)(i) is DENIED.

IT IS FURTHER ORDERED that the Discovery Dispute Motion Hearing set for August 1, 2024 at 2:00 p.m. is CANCELLED.

17. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **August 6, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

18. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**19.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge