# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIENDLIAI INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 23-816-MN |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| HUGGING FACE, INC., | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

## PLAINTIFF FRIENDLIAI'S LETTER TO HONORABLE JUDGE FALLON

OF COUNSEL:

Michael J. Sacksteder
Shreyas A. Kale
Samantha Ong
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Jessica Kaempf
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Tel: (206) 389-4550

Dated: July 24, 2024
11667309 / 23295.00001

Public Version Dated: July 31, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff FriendliAI Inc.*

Dear Judge Fallon:

Plaintiff FriendliAI Inc. ("FriendliAI") respectfully moves to compel outstanding discovery from Defendant Hugging Face, Inc. ("Hugging Face"), including documents that Hugging Face was directed to produce pursuant to this Court's prior Discovery Order (D.I. 62). Not only has Hugging Face failed to comply with the Order, but it has also continued to improperly withhold discovery, by failing to make available critical deponents. Specifically, Hugging Face has refused to provide dates certain for the in-person depositions of two U.S.-based deponents, including one of whom is designated as Hugging Face's primary 30(b)(6) witness. Hugging Face also refused to make available its Chief Evangelist, Julien Simon, whose departure from the company and immediately-preceding vacation allegedly rendered him completely unavailable for a deposition, although Hugging Face failed to inform FriendliAI of this circumstance until it was too late to remedy.

FriendliAI requests that the Court grant FriendliAI's requested relief, specifically:

- Hugging Face's compliance with the Court's Discovery Order (*id.*), and sanctions pursuant to Fed. R. Civ. P. 37(b)(2) for failure to obey the Order;

- The dates for the in-person depositions, in the United States or London, of Hugging Face's witnesses Jeff Boudier and Clement Delangue on or before September 11, 2024.

- The deposition of Hugging Face's now-former Chief Evangelist, Julien Simon, or alternatively, sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), including an order directing that the Chief Evangelist's publicly-available documents be attributed to Hugging Face and an order compelling production of ESI of the Chief Evangelist;

## Motion to Compel Compliance with the Court's Prior Discovery Order

FriendliAI respectfully requests that the Court order Hugging Face to comply with the Court's June 10, 2024 Discovery Order (D.I. 62) and to pay FriendliAI's reasonable expenses for bringing this motion, pursuant to FRCP 37(b)(2)(C).

*Factual Background*

On June 10, 2024, this Court entered an order requiring Hugging Face to produce: (1) financial information for the accused products, including (a) "financial data . . . in response to Request for Production Nos. 41, 42, 52 and 62," and (b) "usage data for the accused TGI functionality in each of the Accused Products"; (2) "revenue generated from the TGI HFOIL license"; (3) all "relevant licenses and agreements"; and (4) all documents regarding the technical operation of the Accused Products, including but not limited to "source code for all Accused Products, including Enterprise Hub." (D.I. 62.) The Order required production "[o]n or before June 20, 2024." (*Id.*)

*Argument*

Hugging Face has failed to comply with the Court's Order. Indeed, FriendliAI's counsel notified Hugging Face of the continued deficiencies in Hugging Face's production by letter on June 30. (*See* Ex. A (Ltr. from S. Kale dated June 30, 2024).) To date, Hugging Face has not provided any substantive response. As examples, Hugging Face has failed to produce the following information:

1. **Financial Information**: Hugging Face has failed to produce the required usage data,[1] including specifically data regarding (1) TGI usage and (2) usage of models. Both categories of usage data are maintained, but have not been produced. (*See* Ex. B (DEF_346178) at -186 (usage data, including "TGI usage" data); Ex. C (DEF_000692) at, *e.g.*, -694 (usage data of specific models).) Further, Hugging Face has not produced any data regarding costs, and has not produced revenue from the HFOIL license.

2. **Relevant Agreements**: Hugging Face has not produced all relevant agreements. For example, it has not produced the ▮▮▮▮▮▮▮▮▮▮, which is directly related to the accused TGI functionality. (Ex. D (DEF_360814) at, *e.g.*, 6 ("▮▮▮▮▮▮▮▮▮▮").)

3. **Technical Documents, Including Source Code for Enterprise Hub**: Hugging Face has not produced the custom code for the accused Enterprise Hub product, which relates directly to implementation of the accused TGI functionality.

FriendliAI requests the Court order Hugging Face to comply with the Discovery Order, and to pay FriendliAI's reasonable expenses, including attorneys' fees, for bringing this motion.

**Motion to Compel Dates for In-Person Depositions of Jeff Boudier and Clement Delangue**

FriendliAI respectfully requests that the Court order Hugging Face to provide deposition dates for the in-person depositions of Jeff Boudier and Clement Delangue, in the United States (or alternatively, London), to occur on or before September 11, 2024.

*Factual Background*

On May 28, 2024, FriendliAI noticed the depositions of Messrs. Boudier and Delangue. (Exs. I, J.) Both witnesses are designated in Hugging Face's discovery responses as having relevant knowledge. (*See, e.g.*, Ex. H at 2-3, 5-6.) Mr. Boudier is also designated as a primary 30(b)(6) witness. (*See* Ex. K (designating Mr. Boudier for 30 topics).)

Both witnesses live in the United States. Indeed, despite repeated representations by Hugging Face's counsel that the witnesses are "currently residing in France" (*see* Ex. E at 1, 3, 6), Hugging Face's Chief Technology Officer testified unequivocally that "Jeff Boudier lives in San Francisco" and "Clement [Delangue] lives in Miami, Florida." (Ex. N (Rough Tr. of Julien Chaumond at 15:6-17).) Hugging Face has "always [been] headquartered in New York." (*Id.* at 14:13-21.)

*Argument*

"As a general rule, the party seeking discovery determines where the deposition will take place." *Luther v. Kia Motors Am., Inc.*, No. 08-cv-386, 2009 WL 1727909, at * 1 (W.D. Pa. June 18, 2009). Here, FriendliAI noticed the deposition for Mr. Boudier for San Francisco, CA, which is where he has lived for approximately two decades. (*See* Ex. I; Ex. L (Boudier LinkedIn Profile).) FriendliAI noticed the deposition for Mr. Delangue for New York, NY, which Hugging Face

---

[1] On July 19 (long after the Discovery Order's compliance deadline), Hugging Face's counsel indicated that it would produce usage data. Notably, the data it belatedly produced does not include usage of the accused TGI functionality or usage data of models that support TGI functionality.

admits is "its principal place of business." (*See* Ex. J; D.I. 31 (Answer) at paragraph 5.) Like Mr. Boudier, Mr. Delangue has long been based in the United States. (*See* Ex. M (Delangue LinkedIn Profile) at 2 (showing employment location in "Greater New York City Area" since "Jul[y] 2013"), and according to Hugging Face's CTO, he "lives in Miami, Florida." Accordingly, the noticed locations for the depositions are proper. *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 572-73 (W.D. Pa. 2010) (general rule is that depositions of corporate agents and officers should ordinarily be taken at the corporation's principal place of business); *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) (same)). In addition, FriendliAI would be willing to depose Mr. Boudier in San Francisco, where he resides, and Mr. Delangue in Miami, where he resides.

While Hugging Face has now agreed to cooperate in making Messrs. Boudier and Delangue available in the US at some point (*see* D.I. 86 at 2), Hugging Face has failed to provide deposition dates for these witnesses and has refused to provide any assurances that they will be made available at a reasonable time before FriendliAI's claim construction reply brief is due on September 25, 2024. Its stated reason for not doing so is that the witnesses do not have return tickets back to the U.S from France.[2] But Hugging Face has been on notice of these depositions for nearly two months, and it must be required to comply with its discovery obligations. Given that these witnesses have highly relevant knowledge (including as a Rule 30(b)(6) witness), and the deadline for FriendliAI's claim construction reply brief is September 25, FriendliAI asks the court to compel their depositions to go forward no later than September 11, 2024.

**Motion for Relief Regarding Hugging Face's Failure to Produce its Chief Evangelist, Julien Simon, for Deposition**

FriendliAI respectfully requests that the Court grant FriendliAI relief for Hugging Face's improper refusal to make available its Chief Evangelist, Julien Simon, for deposition. For weeks after receiving FriendliAI's deposition notice for Julien Simon, Hugging Face misled FriendliAI into believing that it would make Mr. Simon available for deposition. Then, just days before Mr. Simon's departure from the company, Hugging Face indicated for the first time that he would not be made available due to his departure and his vacation during his final week of employment.

Hugging Face's refusal to make available its Chief Evangelist is highly prejudicial, particularly because Hugging Face now takes the position that videos published by its Chief Evangelist during his employment at Hugging Face—which relate directly to his role in promoting the accused products and functionality—are, allegedly, not "attributed to or endorsed by Hugging Face in any manner." (Ex. E at 3.) FriendliAI respectfully requests that the Court order, pursuant to Fed. R. Civ. P. 37, that Julien Simon's documents and videos be taken as Hugging Face's documents, and that the Court order production of Julien Simon's ESI, pursuant to the parties' agreed search terms.

*Factual Background*

On June 5, 2024, FriendliAI served a notice to depose Hugging Face's Chief Evangelist, Julien Simon, on July 10, 2024. (*See* Ex. F.) As Chief Evangelist, Mr. Simon's role is to promote Hugging Face's products. Indeed, Mr. Simon has published several videos about the accused

---

[2] As of July 19, Hugging Face's counsel has represented that Jeff Boudier plans to return to the U.S. on August 22 or 23, but has not provided any date certain for his deposition.

products and accused features, many in which he introduces himself as Chief Evangelist of Hugging Face. (*See, e.g.*, https://www.youtube.com/watch?v=VoglFokCW_U&t=683s (video regarding accused Enterprise Hub, in which Julien Simon introduces himself as "Chief Evangelist of Hugging Face"); https://www.youtube.com/watch?v=ThzNQaqgUsM&t=1s (video regarding Hugging Face, in which Julien Simon introduces himself as "Julien from Hugging Face"); https://www.youtube.com/watch?v=hMs8VNRy5Ys (same); Ex. G (Youtube Page as of July 9, 2024 stating that the "channel is hosted by Julien Simon, now Chief Evangelist at Hugging Face").)

In the week leading up to the noticed deposition date (nearly four weeks after FriendliAI served the deposition notice), Hugging Face's counsel stated, for the first time, that Julien Simon may not be made available for deposition. (Ex. E at 13.) Hugging Face stated "Julien Simon's last day with Hugging Face is July 12th, and he is on vacation next week through July 12." (*Id.* at 9.)

On July 11, FriendliAI's counsel requested alternative relief. Specifically, FriendliAI requested that Hugging Face "(1) agree[] that the marketing and other promotional materials regarding Hugging Face that were created or published by Mr. Simon during his time as Chief Evangelist of Hugging Face are attributable to Hugging Face; and (2) agree[] to search for and produce Mr. Simon's ESI pursuant to the agreed search terms." (*Id.* at 3.) Hugging Face did not agree. Specifically, Hugging Face states that Julien Simon's videos "aren't attributed to or endorsed by Hugging Face in any manner." (*Id.*) While Hugging Face stated it would "consider[] FriendliAI's request for production of Mr. Simon's ESI," it has not committed to production.

*Argument*

Under Fed. R. Civ. P. 37(b)(2)(A)(i), a Court may issue sanctions for a party's failure to permit discovery, including by "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Such relief is appropriate here. Hugging Face failed to comply with its obligation to produce its Chief Evangelist for deposition. This witness has highly relevant information regarding documents and videos he published as Chief Evangelist of Hugging Face, which relate directly to the accused products, and the operation and benefits of the accused features.

Had Hugging Face made Julien Simon available for deposition as it was required to do, FriendliAI would have established through Mr. Simon's testimony that his documents and videos were made in his capacity as Chief Evangelist, on behalf of Hugging Face. FriendliAI was deprived of its ability to do so. Accordingly, pursuant to Federal Rule 37, the Court should order that Mr. Simon's videos and materials that were made during the time he was employed as Chief Evangelist of Hugging Face, which relate to Hugging Face and/or its products or technology, are the documents and videos of Hugging Face and are, for example, not hearsay as party admissions of Hugging Face pursuant to Fed. R. Evid. 801(d)(2).

Further, FriendliAI requests that the Court order Hugging Face to collect and produce Julien Simon's ESI, pursuant to the agreed search terms. Such ESI is highly relevant, given Mr. Simon's expansive role in promoting and explaining the benefits of the accused functionality. Moreover, such ESI is proportional to the needs of this case, particularly given that to date, Hugging Face has designated only five ESI custodians (which is five less than the 10 custodians permitted under paragraph 3 of the Court's Default Standard for Discovery). (*See* Ex. H at 5-6.)

        Respectfully,

        */s/ Andrew L. Brown*

        Andrew L. Brown

ALB:nmt/11667309/23295.00001

Enclosures  
cc:    Clerk of Court (via hand delivery)  
        Counsel of Record (via electronic mail)