# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIENDLIAI INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-816 (MN) |
| | ) |
| HUGGING FACE, INC., | ) |
| | ) |
| Defendant. | ) |

## HUGGING FACE, INC.'S INITIAL DISCLOSURES

Pursuant to the Court's scheduling order (Doc. 17), the Court's order of November 28, 2023 (Doc. 18) and the Federal Rules of Civil Procedure, Hugging Face, Inc. (Defendant) makes the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information to FriendliAI Inc. (Plaintiff). These disclosures are made based on information that is reasonably available to Defendant at this time and stage of the litigation, based upon Defendant's current understanding of the nature of the claims and defenses that have been plead herein, and in view of the limited opportunity Defendant has had to discover information regarding such claims and defenses. As additional information becomes available, Defendant reserves the right to supplement these disclosures in accordance with the Court's Orders, the Local Rules, and Federal Rule of Civil Procedure 26.

In making these disclosures, Defendant does not represent that it is identifying every document, tangible thing, or witness that it may use to support its case. Rather, these disclosures are a good faith effort to identify discoverable information that is relevant to Defendant's claims and/or defenses, as required by the Federal Rules of Civil Procedure.

1

Defendant makes these disclosures without waiving 1) any claim of privilege or work product, or any trade secret status; 2) the right to object on the grounds of competency, relevancy, materiality, hearsay or any other proper ground, to the use of the disclosed information, in this action or any other action; and 3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of any information contained in these disclosures.

1.  **Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)**

    i.  the name and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

| **Name** | **Subject of Information** |
|---|---|
| employees and representatives of Defendant<br><br>c/o Polsinelli PC | the facts and circumstances surrounding Defendant's claims and/or defenses in this lawsuit |
| Olivier Dehaene<br><br>c/o Polsinelli PC | the facts and circumstances surrounding Defendant's claims and/or defenses in this lawsuit; Defendants' noninfringement of the asserted patent; the invalidity of the asserted patent; the functionality, design, and development of the accused products; Hugging Face's source code related to the accused functionality; the subject matter of the asserted patent generally; the state of the art at the time of the purported invention(s) claimed in the asserted patent |
| Jeff Boudier<br><br>c/o Polsinelli PC | the facts and circumstances surrounding Defendant's claims and/or defenses in this lawsuit; Defendant's business operations as related to the accused products; any applicable licenses; Defendant's finances as related to the accused products |
| Nicolas Patry<br><br>c/o Polsinelli PC | the functionality, design, and development of the accused products; Hugging Face's source code related to the accused functionality |

92506054.1

| Name | Subject of Information |
|---|---|
| Clement Delangue<br><br>c/o Polsinelli PC | Defendant's founding and growth; Defendant's business generally |
| present and former employees, agents, associates, and representatives of Plaintiff<br><br>c/o Potter Anderson & Corroon LLP/Fenwick & West LLP | the facts and circumstances surrounding Defendant's claims and/or defenses in this lawsuit |
| Byung-gon Chun<br><br>c/o Potter Anderson & Corroon LLP/Fenwick & West LLP | the facts and circumstances surrounding Defendant's claims and/or defenses in this lawsuit; the alleged infringement of the asserted patent; the development of any invention(s) purportedly covered by the asserted patent; Plaintiff's business operations; Plaintiff's finances, including as related to any invention(s) purportedly covered by the asserted patent |
| the inventors of the asserted patent, namely Gyeongin Yu, Geon-Woo Kim, Joo Seong Jeong, Soojeong Kim, and Byung-Gon Chun<br><br>address and telephone numbers unknown | the ownership, inventorship—including conception and any subsequent reduction to practice, as the case may be—scope, and subject matter of the asserted patent |
| all individuals identified in Plaintiff's initial disclosures and any supplement thereto, and all individuals identified by Plaintiff during the course of discovery, and other persons known to Plaintiff but unknown to Defendant<br><br>addresses and telephone numbers unknown | the subject matter so identified by Plaintiff |

Given the present, early stage of this litigation, Hugging Face is not in a position to provide complete information concerning the identity and knowledge of those past or present employees, agents or attorneys of Plaintiff, or third parties, who likely have information that Defendant may use to support its claims and/or defenses. Similarly, at this stage, Defendant has limited information concerning the identity and knowledge of third parties having information relevant to Defendant's counterclaims and affirmative defenses. Accordingly, Defendant reserves the right to supplement, amend, and/or modify this response as discovery proceeds.

92506054.1

Defendant additionally anticipates designating expert witnesses to provide testimony and opinions in support of its claims and/or defenses, including on the issues of the alleged infringement of the asserted patent, the invalidity of the asserted patent, the enforceability of the asserted patent, the market conditions for the accused products prior to, contemporaneously with and subsequent to the release of the accused products, and the damages Plaintiff has allegedly sustained as a result of Defendant's alleged infringement of the asserted patent.

    **ii.**    **a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Defendant identifies the following documents, ESI, and tangible things:

- documentation and source code related to the accused products;
- internal communications regarding the accused products;
- advertising, marketing, promotional, and sales materials related to the accused products;
- financial documentation and information related to the accused products; and
- computer and electronic documents and files related to Defendant's business and operations in connection with the accused products.

All such documents and items not already in the possession of Defendants are in the possession, custody, or control of Defendant and/or counsel, or are otherwise available on the internet. Defendant reserves the right to object to the production of ESI, including email.

    **iii.**    **a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries; and**

None.

    **iv.**    **for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible**

> **judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant is not aware of any such insurance agreement.

**2.     Initial Disclosures Pursuant to Paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information**

    **a.**     **Custodians**.  The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely.  The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

After a diligent inquiry, Defendant has not been able to identify 10 custodians most likely to have discoverable information.  This is due primarily due to Defendant's relatively small size, and the small number of people primarily involved in the development of the accused functionality, and having knowledge of same.  Defendant will supplement this disclosure as discovery progresses and upon the identification of additional custodians most likely to have discoverable information.  At this time, Defendant identifies the following individuals most likely to have discoverable information, from the most likely to the least likely:

1. Olivier Dehaene—Machine Learning Ops Engineer at Hugging Face:  Mr. Dehaene is likely to have discoverable information regarding the facts and circumstances surrounding Defendant's claims and/or defenses in this lawsuit; Defendants' noninfringement of the asserted patent; the invalidity of the asserted patent; the functionality, design, and development of the accused products; Hugging Face's source code related to the accused functionality; the subject matter of the asserted patent generally; and the state of the art at the time of the purported invention(s) claimed in the asserted patent.

2. ==Jeff Boudier—Product + Growth at Hugging Face:  Mr. Boudier is likely to have discoverable information regarding the facts and circumstances surrounding Defendant's claims and/or defenses in this lawsuit; Defendant's business operations as related to the accused products; any applicable licenses; and Defendant's finances as related to the accused products.==

3. Nicolas Patry—Machine Learning Engineer at Hugging Face:  Mr. Patry is likely to have discoverable information regarding the functionality, design, and development of the accused products; and Hugging Face's source code related to the accused functionality.

    4.    Individuals responsible for the development of the accused functionality—Hugging Face has employed and contracted with software developers and engineers to develop software for the accused functionality and/or the accused products. These individuals are likely to have discoverable information regarding the functionality, design, and development of the accused products; and Hugging Face's source code related to the accused functionality.

    5.    Clement Delangue—Co-founder and CEO at Hugging Face: Mr. Delangue is likely to have discoverable information regarding Defendant's founding and growth, and Defendant's business generally.

b.    **Non-custodial data sources.**[1]  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

At this time, Defendant identifies the below non-custodial data sources that are most likely to contain non-duplicative discoverable information, from the most likely to the least likely. Defendant will supplement this disclosure as discovery progresses and upon the identification of any additional non-custodial data sources that are most likely to contain non-duplicative discoverable information.

    1.    GitHub: source code repository;

    3.    Google Drive: cloud storage system for documents including email, spreadsheets, word processing, and PDFs, for example;

    4.    Gmail: email server system;

    5.    Notion: "knowledge management" system;

    6.    "TGI Library": houses "containers" utilized in application deployment;

    7.    YouTube: Hugging Face maintains a YouTube account;

    8a.    X: Hugging Face maintains an account on the social media platform X, formerly Twitter;

---

[1] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

92506054.1

    8b.    LinkedIn:  Hugging Face maintains an account on the professional networking platform LinkedIn;

    10a.    TikTok:  Hugging Face maintains an account on the social media platform TikTok; and

    10b.    Facebook:  Hugging Face maintains an account on the social media platform Facebook.

c.    **Notice.**  The parties shall identify any issues relating to:

    (i)    Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

Defendant is not aware of any issues in this regard at this time.

    (ii)    Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

Defendant is not aware of any issues in this regard at this time.

    (iii)    Production of information subject to privacy protections, including information that may need to be produced from outside the United States and subject to foreign laws.

Defendant is not aware of any specific issues in this regard at this time, however, Defendant notes and otherwise puts Plaintiff on notice that Defendant's primary operations are based outside of the U.S., in France.  Hugging Face also employs and contracts with software developers and engineers based outside of the U.S.  It is possible that issues in this regard could come up with respect to specific items or information requested by Plaintiff, in each instance on a case-by-case-basis.  Defendant reserves any and all rights accordingly, including the right to object to the production or disclosure of any item or information on the basis contemplated by this paragraph 3(c)(i).

OF COUNSEL:

Jason A. Wietjes
POLSINELLI PC
2950 N. Harwood St., Ste. 2100
Dallas, TX 75201
Tel: (214) 661-5519
jwietjes@polsinelli.com

December 7, 2023

POLSINELLI PC

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
*Attorneys for Defendant Hugging Face, Inc.*

8

92506054.1

## CERTIFICATE OF SERVICE

I certify that I caused copies of the foregoing document to be served on December 7, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Fl.<br>1313 N. Market St.<br>Wilmington, DE 19801<br>Tel.: (302) 984-6000<br>  *Attorneys for Plaintiff FriendliAI Inc.* | *BY ELECTRONIC MAIL* |
| Michael J. Sacksteder<br>Shreyas A. Kale<br>John M. DiBaise<br>FENWICK & WEST LLP<br>555 California St., 12th Fl.<br>San Francisco, CA 94104<br>Tel.: (415) 875-2300<br>  *Attorneys for Plaintiff FriendliAI Inc.* | *BY ELECTRONIC MAIL* |
| Jessica Kaempf<br>FENWICK & WEST LLP<br>401 Union St., 5th Fl.<br>Seattle, WA 98101<br>Tel.: (206) 389-4550<br>  *Attorneys for Plaintiff FriendliAI Inc.* | *BY ELECTRONIC MAIL* |

　　　　　　　　　　　　　　　　　　　　*/s/ Stephen J. Kraftschik*
　　　　　　　　　　　　　　　　　　　　Stephen J. Kraftschik (#5623)