# EXHIBIT A



2950 N. Harwood Street, Ste. 2100, Dallas, TX 75201 • (214) 397-0030

June 27, 2024

Jason A. Wietjes
(214) 661-5519
jwietjes@polsinelli.com

David Moore                                          *Via email*
(*dmoore@potteranderson.com*)
Bindu Palapura
(*bpalapura@potteranderson.com*)
Andrew Brown
(*abrown@potteranderson.com*)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Fl.
1313 N. Market St.
Wilmington, DE 19801

Michael Sacksteder                                  *Via email*
(*msacksteder@fenwick.com*)
Shreyas Kale
(*skale@fenwick.com*)
Samantha Ong
(*song@fenwick.com*)
FENWICK &WEST LLP
555 California St., 12th Fl.
San Francisco, CA 94104

Jessica Kaempf                                       *Via email*
(*jkaempf@fenwick.com*)
FENWICK & WEST LLP
401 Union St., 5th Fl.
Seattle, WA 98101

   **Re:**  ***FriendliAI Inc. v. Hugging Face, Inc.*, Case No. 1:23-cv-00816-MN;**
       **FriendliAI's Discovery Deficiencies**

Atlanta | Boston | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale | Houston
Kansas City | Los Angeles | Miami | Nashville | New York | Phoenix | Raleigh | Salt Lake City
San Diego | San Francisco | Seattle | St. Louis | Washington, D.C. | Wilmington

polsinelli.com



June 27, 2024
Page 2

Counsel,

We write regarding FriendliAI's substantial discovery deficiencies. FriendliAI's deadline to respond to Hugging Face's requests for production of documents was May 16, 2024. FriendliAI's deadline to substantially complete its document production was May 17, 2024. Fact discovery closes imminently, on July 17, 2024. Despite these deadlines, as outlined below FriendliAI hasn't even marginally completed its production in response to the 61 document requests Hugging Face served in this matter.

FriendliAI made its first production on May 16, 2024. This production totaled eight documents, including:

- the publicly available "USENIX" paper, previously filed as Exhibit 5 to FriendliAI's complaint (FRIENDLIAI_00000314);
- a two-page, publicly available press report summarizing the financial strength of the AI market generally (FRIENDLIAI_00000314);
- publicly available USPTO assignment abstracts for the asserted patents (FRIENDLIAI_00000316, FRIENDLIAI_00000318); and
- the publicly available "Orca" paper, previously filed as Exhibit 14 to FriendliAI's complaint (FRIENDLIAI_00000366).

FriendliAI then made a supplemental production on May 17, 2024, totaling 36 documents. This production includes:

- a publicly available document generally disclosing the concept of continuous batching in LLM inference, previously filed as Exhibit 6 to FriendliAI's complaint (FRIENDLIAI_00000388);
- a publicly available press release related to the launch of FriendliAI's PeriFlow product, previously filed as Exhibit 15 to FriendliAI's complaint (00000396);
- publicly available printouts from FriendliAI's website detailing purported virtual patent marking notices, previously filed as Exhibit 7 to FriendliAI's complaint (FRIENDLIAI_00000402, 00001150);
- a publicly available Medium article on Periflow (00000465);
- an additional version of the publicly available "USENIX" paper, previously filed as Exhibit 5 to FriendliAI's complaint (FRIENDLIAI_00000470);
- the publicly available file histories for the asserted patents (FRIENDLIAI_00000472, 00000737);
- a publicly available LinkedIn post by J. Boudier (FRIENDLIAI_00001107);
- a publicly available X post by J. Chaumond (FRIENDLIAI_00001129); and
- publicly available Microsoft github printouts, generally summarizing LLM serving techniques and related concepts (FRIENDLIAI_00001153).



June 27, 2024
Page 3

The remainder of FriendliAI's May 17, 2024 production entailed 87 pages of publicly available printouts from Hugging Face's own website, and an additional 32 pages of publicly available printouts from FriendliAI's website.

FriendliAI didn't make any further supplementation until June 21, 2024. This production consists exclusively of self-serving, non-responsive and publicly available screen shots and video files from YouTube, including primarily from Hugging Face's YouTube channel. None of these items relate to FriendliAI in any capacity. Notably, this production comprises 974 items and approximately 96% of the 1,018 total documents produced by FriendliAI.

In sum, as of the date of this correspondence FriendliAI has produced *three* responsive documents that aren't publicly available or that weren't otherwise previously produced (FRIENDLIAI_00000320, 00000359, 00000369). FriendliAI hasn't produced a single email or communication, a single business-related document, a single document related to its sales, a single document related to the development of its products, a single agreement, contract or license, a single document related to the marketing or advertising of its products, or a single financial document. FriendliAI's lack of production is particularly concerning in view of the discovery positions it's taken towards Hugging Face, including the recent discovery dispute it raised with the Court.

As it stands, Hugging Face doesn't know when or if FriendliAI intends to produce documents in fulfillment its discovery obligations, and, most importantly, the full scope and volume of documents FriendliAI has withheld. Accordingly, the depositions of FriendliAI's witnesses will need to be postponed until a reasonable time after FriendliAI completes its production.

Considering the comprehensive breadth and serious nature of FriendliAI's neglect of its obligations, Hugging Face requests an immediate meet and confer to discuss 1) what additional documents FriendliAI intends to produce, 2) the anticipated volume of the production, 3) when the production will be complete, 4) a schedule for the deposition of FriendliAI's witnesses commensurate with FriendliAI's production, and 5) any stipulations and amendments to the case schedule required to accommodate FriendliAI's delay.



June 27, 2024
Page 4


      Please let us know your availability on Friday, June 28, 2024 or Monday, July 1, 2024. If the parties are unable to reach an agreement on these issues, it will be necessary to promptly bring this matter to the Court's attention.

Sincerely,

Jason Wietjes

# EXHIBIT B

**Document produced in native format.**

**KPIs Q3 23.xlsx**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEF_324622



| Hugging Face KPIs | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Quarter Ending** | **Jun-20** | **Sep-20** | **Dec-20** | **Mar-21** | **Jun-21** | **Sep-21** | **Dec-21** | **Mar-22** | **Jun-22** | **Sep-22** | **Dec-22** | **Mar-23** | **Jun-23** | **Sep-23** |
| **Community KPIs** | [redacted] | | | | | | | | | | | | | |
| Total repositories on the Hub | | | | | | | | | | | | | | |
| Total Models | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| Total Datasets | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| Total Spaces | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| Monthly HF Page Views (excl spaces) | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| Monthly Signups | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| **Team** | | | | | | | | | | | | | | |
| Starting Employees | | | | | | | | | | | | | | |
| New Hires | | | | | | | | | | | | | | |
| Lost Employees | | | | | | | | | | | | | | |
| Ending Employees | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| Regrettably Lost Employees | | | | | | | | | | | | | | |
| *% regrettably lost compared to 12 months ago* | | | | | | | | | | | | | | |
| **P&L** | | | | | | | | | | | | | | |
| **Total Monthly Revenue (in $k)** | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| **Cloud rev share** | | | | | | | | | | | | | | |
| *# of customers (weekly active)* | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| **Enterprise** | | | | | | | | | | | | | | |
| *# of customers* | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| Net revenue retention (suggested by B & L) | | | | | | | | | | | | | | |
| **Self-serve/usage-based** | | | | | | | | | | | | | | |
| # of customers | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| ***Inference Endpoints*** | | | | | | | | | | | | | | |
| # of customers | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| ***Spaces*** | | | | | | | | | | | | | | |
| # of customers | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |
| ***PRO subs*** | | | | | | | | | | | | | | |
| # of customers | | | | | | | | | | | | | | |
| *Q/Q Growth* | | | | | | | | | | | | | | |
| *Y/Y Growth* | | | | | | | | | | | | | | |

# EXHIBIT C



June, 13th 2024

To whom it may concern,

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



**Hugging Face, Inc**
## Balance Sheet
**As of December 31, 2023**

**LIABILITIES & EQUITY**
  Liabilities

  **Total Equity**

**TOTAL LIABILITIES & EQUITY**

**Page 1**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Hugging Face, Inc
## Profit & Loss
### January through December 2023

Jan - Dec 23



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEF_360707

11:20 AM

06/14/24

Accrual Basis

**Hugging Face, Inc**
## Profit & Loss



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEF_360708

# EXHIBIT D

**From:** Jeff Boudier (Google Docs)[comments-noreply@docs.google.com]
**Sent:** Fri 4/19/2024 2:09:28 AM Coordinated Universal Time
**To:** clement@huggingface.co[clement@huggingface.co]
**Sent on behalf of:** Jeff Boudier (Google Docs) <comments-noreply@docs.google.com>
**Subject:** Brainstorm mistral commercial model



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEF_195931

# EXHIBIT E



Text-generation-inference documentation
**Collection of Usage Statistics** ⌄

# Collection of Usage Statistics

Text Generation Inference collects anonymous usage statistics to help us improve the service. The collected data is used to improve TGI and to understand what causes failures. The data is collected transparently and any sensitive information is omitted.

Data is sent twice, once on server startup and once when server stops. Also, usage statistics are only enabled when TGI is running in docker to avoid collecting data then TGI runs directly on the host machine.

## What data is collected

The code that collects the data is available <u>here</u>. As of release 2.1.2 this is an example of the data collected:

- From the TGI configuration:

```
{
  "event_type": "start",
  "disable_grammar_support": false,
  "max_batch_prefill_tokens": 4096,
  "max_batch_size": null,
  "max_batch_total_tokens": null,
  "max_best_of": 2,
  "max_client_batch_size": 4,
  "max_concurrent_requests": 128,
  "max_input_tokens": 1024,
  "max_stop_sequences": 4,
  "max_top_n_tokens": 5,
  "max_total_tokens": 2048,
```

Case 1:23-cv-00816-MN    Document 98-1    Filed 08/02/24    Page 18 of 46 PageID #: 1508

```json
    "max_waiting_tokens": 20,
    "messages_api_enabled": false,
    "model_config": {
      "model_type": "Bloom"
    },
    "revision": null,
    "tokenizer_class": "BloomTokenizerFast",
    "validation_workers": 2,
    "waiting_served_ratio": 1.2,
    "docker_label": "latest",
    "git_sha": "cfc118704880453d29bcbe4fbbd91dda501cf5fe",
    "nvidia_env": {
      "name": "NVIDIA A10G",
      "pci_bus_id": "00000000:00:1E.0",
      "driver_version": "535.183.01",
      "pstate": "P8",
      "pcie_link_gen_max": "4",
      "pcie_link_gen_current": "1",
      "temperature_gpu": "31",
      "utilization_gpu": "0 %",
      "utilization_memory": "0 %",
      "memory_total": "23028 MiB",
      "memory_free": "22515 MiB",
      "memory_used": "0 MiB",
      "reset_status_reset_required": "No",
      "reset_status_drain_and_reset_recommended": "No",
      "compute_cap": "8.6",
      "ecc_errors_corrected_volatile_total": "0",
      "mig_mode_current": "[N/A]",
      "power_draw_instant": "10.86 W",
      "power_limit": "300.00 W"
    },
    "system_env": {
      "cpu_count": 16,
      "cpu_type": "AMD EPYC 7R32",
      "total_memory": 66681196544,
      "architecture": "x86_64",
      "platform": "linux-unix-x86_64"
    }
  }
```

## How to opt-out

You can easily opt out by passing the `--disable-usage-stats` to the text-generation-launcher command. This will disable all usage statistics. You can also pass `--disable-crash-reports` which disables sending specific crash reports, but allows anonymous usage statistics.

<> Update on GitHub

← Internal Architecture          Consuming TGI →

# EXHIBIT F

**Document produced in native format.**

**Hugging Face Salesforce accounts data.csv**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEF_360814



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# EXHIBIT G

## Stephen J. Kraftschik

| | |
|---|---|
| **From:** | Stephen J. Kraftschik |
| **Sent:** | Wednesday, July 17, 2024 1:15 PM |
| **To:** | Jessica Kaempf; Brown, Andrew L.; Jason Wietjes; FriendliAI v Hugging Face; Moore, David E.; Palapura, Bindu A. |
| **Cc:** | Polsinelli - FriendliAI v. Hugging Face |
| **Subject:** | RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines |
| **Attachments:** | Discovery in International Civil Litigation-c.pdf |

Jessica – Please send us your further proposed revisions to the stipulation as we discussed on the call.

Additionally, I am attaching the source that I found just before our call that I mentioned.  As we've said before, Hugging Face does not object to FriendliAI seeking in-person depositions in France, or deposing the witnesses remotely (as it is doing for other Hugging Face witnesses).

The below link also contains information which indicates questioning by a U.S. attorney would be permitted if specifically requested in a request for a deposition in France.  I located the above-referenced sources with just a few minutes of internet searching.  FriendliAI is the party seeking these depositions and we believe your team can and should look into the relevant law yourselves regarding the availability of depositions in France.

https://www.iadclaw.org/defensecounseljournal/the-french-blocking-statute-and-cross-border-discovery/  ("United States counsel may request the following special methods to be integrated in the letter of request: - questioning of witnesses to be conducted by U.S. lawyers in direct and cross-examinations (and not through the Enforcement Judge),- U.S.-law based objections raised during the depositions, if any, to be resolved by the U.S. trial judge when testimony is presented to the trial court,- verbatim transcript of the deposition by a U.S. court reporter, and - video recording of the deposition by a professional videographer.  In our experience, these special methods are usually accepted by French Enforcement Judges provided that they are expressly requested in the letter of request and paid for by the applicant (when relevant)").

Steve

**Stephen J. Kraftschik**
*Shareholder*

skraftschik@polsinelli.com
**302.252.0926**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801



Polsinelli PC, Polsinelli LLP in California

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Wednesday, July 17, 2024 11:47 AM
**To:** Stephen J. Kraftschik <skraftschik@polsinelli.com>; Brown, Andrew L. <abrown@potteranderson.com>; Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>

**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

EXTERNAL EMAIL    jkaempf@fenwick.com

**This message needs your attention**
• You've never replied to this person.

Report or Mark Safe                    Powered by Polsinelli IT

Steve,

We cannot agree to your proposed revisions as they provide us with no assurance that Hugging Face will cooperate in good faith to make Mr. Boudier and Mr. Delangue available for in-person depositions.  For example, while your cover email focuses on the uncertainty surrounding when the witnesses will return to the US, you do not address our offer to conduct the depositions in London.  What is your position on having the depositions occur in London, which is about a 1 hour flight from Paris France?

Further, it is unclear that you (counsel for Hugging Face) have inquired into when Mr. Boudier and Mr. Delangue intend to return to the US.  Please specifically state whether you have asked these witnesses whether they are willing to return to the US before September 11.

Please note that pursuant to our other correspondence, we intend to meet and confer about this issue today at 9:30 PT.  If we cannot reach a resolution on this issue, we intend to contact Chambers to get it added to the discovery dispute hearing.

Best,
Jessica


Jessica Kaempf
Fenwick | Associate | +1 206-389-4550 | jkaempf@fenwick.com

**From:** Stephen J. Kraftschik <skraftschik@polsinelli.com>
**Sent:** Tuesday, July 16, 2024 3:23 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Brown, Andrew L. <abrown@potteranderson.com>; Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

**\*\* EXTERNAL EMAIL \*\***

Jessica,

We would be OK with inserting a modified version of your language shown in red/blue below for clarity.  To be clear, we do not know when (or even if) the witnesses will return to the U.S. and so cannot make any commitments regarding their availability for an in person deposition.  We just do not know if they will be in the U.S. at all in time for their depositions to be taken before the claim construction hearing.  So, we are willing to push off this discussion for a while so that FriendliAI could take their depositions in the U.S. if they do return by September 11.  Once we get closer to that date, we can agree to work in good faith to figure out the deposition (whether in the U.S. if they have returned or are returning very shortly) or remotely if they have not and are not returning soon.

The parties agree that the depositions of two Hugging Face witnesses, Jeff Boudier and Clement Delangue, ~~may will~~ be taken outside the new discovery period (which would otherwise end August 9) in order to accommodate their potential unavailability to attend depositions in person in the US ~~or in London~~ prior to the proposed new discovery deadline.  The parties agree to coordinate in good faith for those depositions to occur in person in the U.S. before September 11 if the witnesses are available in the U.S. before then, and further agree that if Mr. Boudier and Mr. Delangue are not available in person before September 11 in the U.S., then the parties will ~~propose modifications to the schedule, including if necessary the reply claim construction brief, to accommodate those depositions.~~ meet and confer in good faith to attempt to reach agreement regarding the depositions.

I have attached a revised version of the stipulation that tracks this revised language.

We can agree to supplement our response to ROG 10 on Friday.  We are still working with our client on the 30(b)(6) designations, but we are hoping to have those to you by tomorrow.

Steve

**Stephen J. Kraftschik**
*Shareholder*

skraftschik@polsinelli.com
**302.252.0926**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801



Polsinelli PC, Polsinelli LLP in California

polsinelli.com

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Tuesday, July 16, 2024 5:25 PM
**To:** Stephen J. Kraftschik <skraftschik@polsinelli.com>; Brown, Andrew L. <abrown@potteranderson.com>; Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

**EXTERNAL EMAIL**   **jkaempf@fenwick.com**

---

Steve,

We will need to reach agreement on the depositions of Mr. Boudier and Mr. Delangue as part of any broader agreement on Hugging Face's proposed revised schedule.  However, we can agree to work with you on those depositions.  We propose including in the stipulation the following language:

The parties agree that the depositions of two Hugging Face witnesses, Jeff Boudier and Clement Delangue, will be taken outside the new discovery period (which would otherwise end August 9) in order to accommodate their unavailability to attend depositions in person, in the US or in London, prior to the proposed new discovery deadline.  The parties agree to coordinate in good faith for those depositions to occur in person before

September 11, and further agree that if Mr. Boudier and Mr. Delangue are not available in person before September 11, then the parties will propose modifications to the schedule, including if necessary the reply claim construction brief, to accommodate those depositions.

In addition to the above, please confirm that Hugging Face also agrees to provide a supplemental response to FriendliAI's interrogatory Number 10 no later than Friday (as you proposed below), as well as provide the 30(b)(6) designations that are still outstanding by today.

Best,
Jessica


Jessica Kaempf
Fenwick | Associate | +1 206-389-4550 | jkaempf@fenwick.com

**From:** Stephen J. Kraftschik <skraftschik@polsinelli.com>
**Sent:** Tuesday, July 16, 2024 1:21 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Brown, Andrew L. <abrown@potteranderson.com>; Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

## ** EXTERNAL EMAIL **
Hi Jessica,

Setting aside the issue of the Boudier and Delangue depositions, will FriendliAI agree to extend fact discovery (including all depositions other than Boudier and Delangue) and the deadlines for final non-infringement contentions and validity contentions until August 9 as set forth in the stipulation I circulated earlier today?

If FriendliAI would agree to that proposal, we would agree that Boudier and Delangue could be taken outside of the new fact discovery period (which would otherwise end August 9).  As we've said many times, Mr. Boudier and Mr. Delangue (both French citizens) are in France right now and are unavailable for depositions in the United States (or London) until they return to the U.S., but we currently do not have exact information about their expected return dates and so cannot commit to an in-person deposition in the U.S. before September 11.  I note that we have also offered Boudier and Delangue for remote deposition during the time that they are out of the U.S., but FriendliAI has refused to proceed remotely (even though FriendliAI has agreed to take other Hugging Face witnesses located in France remotely).

With respect to non-infringement contentions, for the reasons I explained below we cannot agree to a final non-infringement contention deadline until after most of the depositions are completed.  We would consider agreeing to serve a non-final, supplemental response to FriendliAI's interrogatory Number 10 no later than Friday if that would resolve the entire dispute.

Again, let us know if you'd like to meet and confer regarding these issues.

Thanks,
Steve

**Stephen J. Kraftschik**
*Shareholder*

skraftschik@polsinelli.com

**302.252.0926**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801



Polsinelli PC, Polsinelli LLP in California

polsinelli.com

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Tuesday, July 16, 2024 3:38 PM
**To:** Stephen J. Kraftschik <skraftschik@polsinelli.com>; Brown, Andrew L. <abrown@potteranderson.com>; Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

---

**EXTERNAL EMAIL**   jkaempf@fenwick.com

---

Steve,

Hugging Face's non-infringement contentions should be based on its analysis of Hugging Face's own documents and technology, not on FriendliAI's document production.  There is thus no reason to delay service of non-infringement contentions based on alleged insufficient time to review FriendliAI's documents.  Moreover, we disagree with your suggestion that FriendliAI was not expecting to have Hugging Face's non-infringement contentions prior to depositions, or be able to reference such contentions to inform the questions asked during depositions.  Indeed, FriendliAI served an interrogatory on this topic, and has been awaiting a fulsome response from Hugging Face.  We have expected Hugging Face to provide that response tomorrow as part of its final non-infringement contentions, pursuant to the Court's current schedule.  We are also prepared to do the same with respect to our final validity contentions, again pursuant to the Court's current scheduling order.

Nonetheless, in an effort to reach a compromise, we are willing to agree to Hugging Face's newly proposed schedule, provided that Hugging Face agrees to make available Mr. Boudier and Mr. Delangue for in-person deposition, either in the U.S. or in London, on separate days on or before September 11.  Please let us know if you agree.

Best,
Jessica

---

Jessica Kaempf
Fenwick | Associate | +1 206-389-4550 | jkaempf@fenwick.com

---

**From:** Stephen J. Kraftschik <skraftschik@polsinelli.com>
**Sent:** Tuesday, July 16, 2024 9:05 AM
**To:** Brown, Andrew L. <abrown@potteranderson.com>; Jessica Kaempf <jkaempf@fenwick.com>; Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

**\*\* EXTERNAL EMAIL \*\***

Jessica/Andrew,

The scheduling order sets July 17 as the date for both the fact discovery cut-off and the deadline for final non-infringement and validity contentions.  Under the Court's order, neither party was expecting to have final non-infringement or validity contentions prior to depositions.  FriendliAI also just recently on July 10 and July 15 made its substantial document production, and thus Hugging Face has not had sufficient time to review those documents to allow for Hugging Face to set forth its final non-infringement contentions by tomorrow.

The purpose of final contentions is to set forth a party's complete position in advance of claim construction, and your proposal to require the parties to finalize their contentions before the close of fact discovery and the completion of depositions is contrary to the Court's practices and expectations.  If the parties were to serve "final" contentions before depositions, those contentions would likely need to be supplemented later thus undermining the entire purpose of final contentions.  In my experience, Judge Noreika expects that "final" contentions truly are final (i.e., not subject to further supplementation absent good cause).  Moreover, your proposal to push back depositions until September 11 (well into the period for claim construction) is inconsistent with the Court's practices and procedures.  The parties need to complete fact discovery before the parties start claim construction briefing.  Accordingly, now that we have agreed to push out the close of fact discovery to accommodate the scheduling of depositions, the deadlines for final non-infringement and validity contentions should similarly be extended.

Our proposed changes to the stipulation are shown in the attached.  We also need to adjust some of the claim construction dates.  We are available to meet and confer this afternoon (4 pm ET or later) or tomorrow before 2 pm ET to discuss.

Steve

**Stephen J. Kraftschik**
*Shareholder*

skraftschik@polsinelli.com
**302.252.0926**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801



Polsinelli PC, Polsinelli LLP in California

polsinelli.com

---

**From:** Brown, Andrew L. <abrown@potteranderson.com>
**Sent:** Tuesday, July 16, 2024 11:38 AM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

---

**EXTERNAL EMAIL**   abrown@potteranderson.com

---

All,

A few minor edits for local rule compliance in the attached.



**Andrew L. Brown** | Associate

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6107
abrown@potteranderson.com | potteranderson.com

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Monday, July 15, 2024 8:37 PM
**To:** Jason Wietjes <JWietjes@Polsinelli.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Brown, Andrew L. <abrown@potteranderson.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** [EXT] RE: FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

**\*\* This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. \*\***

Jason,

We are surprised to receive your email below, given that last week you had indicated that "Hugging Face doesn't agree to any other extensions or amendment to the case schedule." At this late date, we do not believe that extending the deadlines for non-invalidity and non-infringement contentions is necessary. Further, as the depositions of Hugging Face witnesses with technical knowledge are now scheduled for next week, we do not agree to delay the deadline for Hugging Face to provide its non-infringement contentions, as doing so would prejudice our ability to take the depositions of Hugging Face's technical witnesses next week (particularly given the lack of detail in Hugging Face's interrogatory responses).

With respect to fact witness depositions, given the outstanding disputes on depositions, we propose moving the proposed deadline to September 11, 2024. Please see our proposed revised stipulation attached.

Best,
Jessica


Jessica Kaempf
Fenwick | Associate | +1 206-389-4550 | jkaempf@fenwick.com

**From:** Jason Wietjes <JWietjes@Polsinelli.com>
**Sent:** Monday, July 15, 2024 1:15 PM
**To:** FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>; Brown, Andrew L. <abrown@potteranderson.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A.

<bpalapura@potteranderson.com>
**Cc:** Polsinelli - FriendliAI v. Hugging Face <FriendliAI-HuggingFace@polsinelli.com>
**Subject:** FriendliAI v. Hugging Face; Stipulation Extending Discovery Deadlines

**\*\* EXTERNAL EMAIL \*\***

Counsel,

Please see the attached stipulation as necessary to extend the 7/17 discovery deadlines to accommodate the parties' depositions.

As the depositions of FriendliAI's witnesses are currently set to conclude on 8/2, we've proposed extending the respective discovery deadlines to 8/9 so as to allow the parties a reasonable opportunity to supplement their discovery responses based on information learned during the depositions.

If this is acceptable, please confirm and we'll submit to the Court promptly.  Should FriendliAI believe that it's necessary to move any additional deadlines, please let us know that as well.  Thanks.

**Jason Wietjes**
*Shareholder*

jwietjes@polsinelli.com
**214.661.5519**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201



Polsinelli PC, Polsinelli LLP in California

polsinelli.com



This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

# EXHIBIT H

## Stephen J. Kraftschik

| | |
|---|---|
| **From:** | Jessica Kaempf <jkaempf@fenwick.com> |
| **Sent:** | Tuesday, October 24, 2023 7:34 PM |
| **To:** | Jason Wietjes; Stephen J. Kraftschik; Matt Eckert |
| **Cc:** | Michael Sacksteder; Palapura, Bindu A.; Moore, David E.; Brown, Andrew L.; FriendliAI v Hugging Face |
| **Subject:** | RE: FriendliAI v. Hugging Face - Rule 26(f) Conference |
| **Attachments:** | FriendliAI v. Hugging Face - Proposed Scheduling Order(17878450.7).docx |

**EXTERNAL EMAIL**   **jkaempf@fenwick.com**

Jason,

Following up on the below, attached please find a draft of the Proposed Scheduling Order.  Please note that we reserve the right to make additional changes as needed, including in response to your edits.

Best,
Jessica


Jessica Kaempf
Fenwick  |  Associate  |  +1 206-389-4550  |  jkaempf@fenwick.com

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Monday, October 23, 2023 3:05 PM
**To:** Jason Wietjes <JWietjes@Polsinelli.com>; Stephen J. Kraftschik <skraftschik@polsinelli.com>; Matt Eckert <meckert@polsinelli.com>
**Cc:** Michael Sacksteder <MSacksteder@Fenwick.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; Moore, David E. <dmoore@potteranderson.com>; Brown, Andrew L. <abrown@potteranderson.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>
**Subject:** RE: FriendliAI v. Hugging Face - Rule 26(f) Conference

Thanks, Jason.  We'll circulate an invite, and aim to circulate the draft by tomorrow.

Best,
Jessica

Jessica Kaempf
Fenwick  |  Associate  |  +1 206-389-4550  |  jkaempf@fenwick.com

---

**From:** Jason Wietjes <JWietjes@Polsinelli.com>
**Sent:** Monday, October 23, 2023 12:12 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Stephen J. Kraftschik <skraftschik@polsinelli.com>; Matt Eckert <meckert@polsinelli.com>
**Cc:** Michael Sacksteder <MSacksteder@Fenwick.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; Moore, David E. <dmoore@potteranderson.com>; Brown, Andrew L. <abrown@potteranderson.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>
**Subject:** RE: FriendliAI v. Hugging Face - Rule 26(f) Conference

**\*\* EXTERNAL EMAIL \*\***

Jessica,

We're available at 11:30 pacific on Wednesday.  Please circulate a meeting invite.  Also, we ask that the draft be circulated by tomorrow so that we can have an opportunity to meaningfully review in advance of our conference.  Thank you.

Jason Wietjes
214.661.5519
214.450.2193 (cell)

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Monday, October 23, 2023 1:49 PM
**To:** Jason Wietjes <JWietjes@Polsinelli.com>; Stephen J. Kraftschik <skraftschik@polsinelli.com>; Matt Eckert <meckert@polsinelli.com>
**Cc:** Michael Sacksteder <MSacksteder@Fenwick.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; Moore, David E. <dmoore@potteranderson.com>; Brown, Andrew L. <abrown@potteranderson.com>; FriendliAI v Hugging Face <FriendliAIvHuggingFace@fenwick.com>
**Subject:** FriendliAI v. Hugging Face - Rule 26(f) Conference

---

**EXTERNAL EMAIL**   **jkaempf@fenwick.com**

---

Counsel,

I am reaching out to schedule a Rule 26(f) conference.  Our deadline to confer is this Wednesday, October 25, and we are available that day between 11:30 am-12 pm PT and after 1 pm PT.  Please let us know your availability during those times.  We also plan to send you a proposed draft of the scheduling order before then.

Best,
Jessica

Jessica Kaempf

Fenwick | Associate | +1 206-389-4550 | jkaempf@fenwick.com

---

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FriendliAI Inc., | C.A. No. 1:23-CV-00816-MN |
| Plaintiff, | |
| v. | |
| Hugging Face, Inc., | |
| Defendant. | |

**[PROPOSED] SCHEDULING ORDER**

This day of October, 2023, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.  <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

(a)     <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **July 17, 2024**.

(b)     <u>Document Production.</u> Document production shall be substantially complete by **April 15, 2024**.

(c)     <u>Requests for Admission.</u> A maximum of **100** requests for admission are permitted for each side with an unlimited number of authentication requests.

(d)     <u>Interrogatories</u>.

(i)     A maximum of **35** interrogatories, including contention interrogatories, are permitted for each side.

(ii)     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)     <u>Depositions</u>.

(i)     <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination of fact witnesses. These limitations do not apply to expert depositions.

(ii)     <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court will be deposed at a place mutually agreed upon by the parties and counsel.

(f)     <u>Disclosure of Expert Testimony.</u>

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRIENDLIAI INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-816 (MN) |
| | ) | |
| HUGGING FACE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**HUGGING FACE, INC.'S SECOND AMENDED OBJECTIONS AND ANSWERS
TO FRIENDLIAI INC.'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Defendant Hugging Face, Inc. (Hugging Face) serves its second amended objections and answers to Plaintiff FriendliAI Inc.'s (FriendliAI) second set of interrogatories as follows:

**GENERAL OBJECTIONS**

1.      Hugging Face objects to the interrogatories because they improperly exceed the maximum number of interrogatories allowed under Section 7(d)(i) of the Court's scheduling order and Federal Rule of Civil Procedure 33(a)(1).

2.      Hugging Face objects to the interrogatories to the extent they seek to impose duties and obligations upon it beyond those permitted or required by the Federal Rules of Civil Procedure, the Court's rules and procedures, and the orders entered in the case.

3.      Hugging Face objects to the interrogatories to the extent they contravene the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is either not relevant to any party's claim or defense, or that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to

to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit.  Hugging Face objects to the interrogatory to the extent it improperly exceeds the maximum number of interrogatories allowed under Section 7(d)(i) of the Court's scheduling order and Federal Rule of Civil Procedure 33(a)(1).  Hugging Face objects to the interrogatory as the discovery sought is more properly addressed by other forms of discovery, including for example, from depositions and from document discovery.

Subject to the foregoing objections, Hugging Face answers as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Hugging Face has produced or will produce documents from which the answer to this interrogatory may be determined.  Hugging Face accordingly directs FriendliAI to the documents produced in this action, specifically the financial documents and agreements previously produced, as kept in the ordinary course of Hugging Face's business.  Hugging Face will supplement its answer to this interrogatory should it become aware of additional responsive information, or should additional responsive information otherwise become available to it.

**INTERROGATORY NO. 13:**

Identify all licensing policies, licensing practices, licensing procedures, licenses, agreements, covenants-not-to-sue, and similar agreements regarding the Accused Functionality, each of the Accused Products, and any of the products, services, or features identified in response to Interrogatory No. 4, including:  (a) Any agreements Hugging Face has with third parties relating to the manufacture, license, production, assembly, sale, development, supply, importation, or distribution of any of the Accused Products and the products, services, or features identified in

response to Interrogatory No. 4; (b) Each person with personal knowledge of the information set forth in your response; and (c) All documents responsive to this interrogatory.

**ANSWER:**

Hugging Face objects to the interrogatory as overly broad, unduly burdensome, and as seeking information that is beyond the scope of, and irrelevant to, the issues presented in the case. Hugging Face objects to the interrogatory to the extent it improperly exceeds the maximum number of interrogatories allowed under Section 7(d)(i) of the Court's scheduling order and Federal Rule of Civil Procedure 33(a)(1).  Hugging Face objects to the interrogatory as cumulative and duplicative.

Subject to the foregoing objections, Hugging Face answers as follows:

(a)     Pursuant to Federal Rule of Civil Procedure 33(d), Hugging Face has produced or will produce documents from which the answer to this interrogatory may be determined.  Hugging Face accordingly directs FriendliAI to the documents produced in this action, specifically the agreements Hugging Face is a party to.

(b)     Hugging Face directs FriendliAI to the names of the individuals provided in answer to FriendliAI's Interrogatory No. 1.

(c)     Hugging Face directs FriendliAI to the documents produced in this action, specifically the agreements Hugging Face is a party to.

**<u>INTERROGATORY NO. 14</u>:**

Describe in detail all facts and circumstances concerning Hugging Face's provision of training, support, and instruction to customers concerning each of the Accused Products or any product, service, or feature identified in your response to Interrogatory No. 4, including:  (a) A detailed description of such training, support, or instruction; (b) The identity of the entities

receiving such training, support, or instruction; (c) The persons providing the training, support, or instruction to each entity; (d) The dates and location of such training, support, or instruction; and (e) Any documentation or materials, including marketing materials, used or provided in connection with any training, support, or instruction.

**ANSWER:**

Hugging Face objects to the interrogatory as overly broad, unduly burdensome, and as seeking information that is beyond the scope of, and irrelevant to, the issues presented in the case. Hugging Face objects to the interrogatory as contravening the limitations of Federal Rule of Civil Procedure 26(b)(1) by seeking discovery that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and as the burden or expense of the proposed discovery outweighs its likely benefit. Hugging Face objects to the interrogatory to the extent it improperly exceeds the maximum number of interrogatories allowed under Section 7(d)(i) of the Court's scheduling order and Federal Rule of Civil Procedure 33(a)(1). Hugging Face objects to the interrogatory as the discovery sought is more properly addressed by other forms of discovery, including for example, from depositions and from document discovery. Hugging Face objects to the interrogatory as duplicative.

Subject to the foregoing objections, Hugging Face answers as follows:

(a)      Pursuant to Federal Rule of Civil Procedure 33(d), Hugging Face has produced or will produce documents from which the answer to this interrogatory may be determined. Hugging Face accordingly directs FriendliAI to the documents produced in this action, specifically the agreements Hugging Face is a party to.

(b)     Pursuant to Federal Rule of Civil Procedure 33(d), Hugging Face has produced or will produce documents from which the answer to this interrogatory may be determined.  Hugging Face accordingly directs FriendliAI to the documents produced in this action, specifically the agreements Hugging Face is a party to.

(c)     The following individual(s) have provided support to Hugging Face customers: Julien Simon, Simon Pagezy, Florent Gbelidji, Nicholas Broad, Derek Thomas, Claire Boetticher, Yifeng Yin, Sergei Petrov, Andrew Reed, Orion Penner, Joffrey Thomas, Aymeric Roucher, Moritz Laurer, Niels Rogge, Diego Maniloff, Morgan Funtowicz, Michael Benayoun, Ella Charlaix, Régis Pierrard, Jingya Huang, Mohit Sharma, Felix Marty, Ilyas Moutawwakil, David Corvoysier, Alvaro Moran, and Longjie Zheng.

(d)     Pursuant to Federal Rule of Civil Procedure 33(d), Hugging Face will produce any documents it may maintain from which the answer to this interrogatory may be determined, such as any logs of any support Hugging Face has provided to any business partner.

(e)     Pursuant to Federal Rule of Civil Procedure 33(d), Hugging Face will produce any documents it may maintain from which the answer to this interrogatory may be determined.

**INTERROGATORY NO. 15:**

Describe in detail the complete legal and factual bases for all defenses, including affirmative defenses and counterclaims, raised in in this litigation and identify each person knowledgeable about such defenses, including all factual and legal bases for the contention that any of the patents-in-suit are invalid or unenforceable.

**ANSWER:**

Hugging Face objects to the interrogatory to the extent the discovery sought is more properly addressed by other forms of discovery, including for example, from depositions or from

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused copies of the foregoing document to be served on July 19, 2024,

upon the following in the manner indicated:

David E. Moore                                          *BY ELECTRONIC MAIL*
Bindu A. Palapura
Andrew L. Brown
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Fl.
1313 N. Market St.
Wilmington, DE 19801
Tel.:  (302) 984-6000
  *Attorneys for Plaintiff FriendliAI Inc.*

Michael J. Sacksteder                                   *BY ELECTRONIC MAIL*
Shreyas A. Kale
Samantha Ong
FENWICK & WEST LLP
555 California St., 12th Fl.
San Francisco, CA 94104
Tel.:  (415) 875-2300
  *Attorneys for Plaintiff FriendliAI Inc.*

Jessica Kaempf                                          *BY ELECTRONIC MAIL*
FENWICK & WEST LLP
401 Union St., 5th Fl.
Seattle, WA 98101
Tel.:  (206) 389-4550
  *Attorneys for Plaintiff FriendliAI Inc.*


                                        */s/ Stephen J. Kraftschik*
                                        Stephen J. Kraftschik (#5623)

96353693.2